## Smith *v.* Yellow Cab Co., Appellant.

*Appeals—Questions not raised in court below.*

1. Ordinarily an issue not raised in the court below will not be considered on appeal.

*Workmen's compensation—Suit by employee against wrong-doer—Subrogation—Act of June 2, 1915, P. L. 736—Notice—Laches—Employer's rights.*

2. Under section 319 of the Workmen's Compensation Law of June 2, 1915, P. L. 736, 749, an employer who pays to his employee any of the sums contemplated by that statute, is subrogated, to the extent thereof, to the right of the employee as against the wrongdoer.

3. This right continues, although the injured employee has individually brought suit against the wrongdoer; and is not affected by a voluntary settlement with and release by the employee alone.

4. The employer, who knows of such suit, is bound to give notice to the defendant of the fact of such employment and payments. If he does not do so, the right may be lost by laches.

Argued November 29, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 226, Jan. T., 1926, by defendant, from judgment of Superior Court, Oct. T., 1925, No. 237, affirming judgment of Municipal Court of Phila. Co., June T., 1924, No. 16, for plaintiff in case of John Smith to use of Anna McDonnell and The Maryland Casualty Co., Insurance Carrier v. Yellow Cab Co. Affirmed. See 87 Pa. Super. Ct. 143.

Appeal from Superior Court.

The opinion of the Supreme Court states the facts.

Judgment of municipal court affirmed. Defendant appealed.

*Error assigned* was, inter alia, judgment of Superior Court, quoting it.

*Frederic L. Ballard,* of *Ballard, Spahr, Andrews & Madeira,* with him *Russell Duane,* for appellant.—The right to maintain this second action upon a single tort does not exist at common law. If the right exists its basis must be found in the Compensation Act: Fields v. P. R. T. Co., 273 Pa. 282.

The employer's right of subrogation mentioned in section 319 of the Compensation Act is purely contractual being created by the contract of employment: Anderson v. Steel Co., 255 Pa. 33.

The right of the injured employee against the outside tort-feasor remains complete and entire as at common law and is neither increased nor diminished by the Compensation Act: Lengle v. Twp., 274 Pa. 51; Conover v. Bloom, 269 Pa. 548; Mayhugh v. Telephone Co., 265 Pa. 496; Wilson v. B. & I. Works, 85 Pa. Superior Ct. 537.

Settlement with or recovery by the injured employee terminates his right and the subrogated employer cannot (as use-plaintiff) bring a second suit upon it because there is no right left to be subrogated to: Phillips v. Israel, 10 S. & R. 391; Laughead v. Coke Co., 209 Pa. 368; Illinois Auto Ins. Ex. v. Braun, 280 Pa. 550.

Established legal doctrines as well as constitutional requirements support this view: Fields v. P. R. T., 273 Pa. 282; Beck v. Cricket Club, 45 Pa. Superior Ct. 358; Marsh v. Ry., 204 Pa. 229; Strain v. Kern, 277 Pa. 209; Books v. Boro., 95 Pa. 158.

*Louis Wagner,* with him *W. F. Whittle, R. A. Smith,* and *W. F. Whittle,* for appellee.—While the policy of the common law is against the splitting of a cause of action, the common law of Pennsylvania allows the parties to a cause of action by agreement to eliminate certain elements from the controversy between

them: Frankel v. Q. C. C. Co., 82 Pa. Superior Ct. 217; Marshall v. Am. Stores Co., 87 Pa. Superior Ct. 498.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1927:

John Smith, the legal plaintiff in this case and an employee of Anna McDonnell, one of the use-plaintiffs, was injured, while in the course of his employment, through the negligence of the corporate defendant's employees. By reason thereof, she became liable to him under the provisions of section 301 of the Workmen's Compensation Law of June 2, 1915, P. L. 736, 738. The Maryland Casualty Company, the other use-plaintiff, was her insurance carrier under that statute, and was directly liable to the employee by virtue of section 1 of the Act of June 2, 1915, P. L. 736. As a result of the injury, that company paid the sum of $109.60 to or for the legal plaintiff, as required by the statute and the terms of its policy of insurance.

Subsequently the injured employee sued the defendant. On learning of it, the insurance carrier gave written notice to defendant of the payment of the above sum, claimed subrogation to the extent thereof, and requested defendant to "make no adjustment with [plaintiff] without first advising [the insurance carrier] of your intention to do so, and protecting our rights in the matter." This notice defendant wholly ignored, and settled with the legal plaintiff by paying him a sum far in excess of the $109.60, taking from him a receipt in full, a release of all claims, and an order to discontinue the pending suit, which was thereupon done.

Suit was then brought in the name of the legal plaintiff, to the use of his employer and the insurance carrier to recover said sum of $109.60. The case was tried before a judge without a jury; defendant stated that it only required plaintiff to prove its, defendant's, negligence, and, in answer to the claim, itself only proved the amount it had paid the legal plaintiff in settlement, the execution and delivery of the receipt and release, and

the discontinuance of the suit. The trial judge found that the legal plaintiff's injury was caused by defendant's negligence, and that section 319 of the Workmen's Compensation Law subrogated the employer to plaintiff's right to recover for the injury, to the extent of the sums paid as prescribed by the statute, which right was not lost by defendant's voluntary settlement without notice. He, therefore, entered judgment against defendant for the amount stated, and this was affirmed by the Superior Court.

In this court, defendant attempts to raise an additional question, viz: Can such a recovery be permitted without violating article III, section 3, of the Constitution of Pennsylvania, and the Fourteenth Amendment to the Constitution of the United States? We do not propose to discuss the matter, since the question was not even suggested by the pleadings or in the trial court, and cannot be raised for the first time on appeal.

In its brief, appellant has stated a number of propositions supposed to lead up to, or to buttress, its conclusion that "settlement with or recovery by the injured employee terminates his right and the subrogated employer cannot bring a second suit upon it, because there is no right left to be subrogated to." This was the only question raised at the trial, and is the only one we need consider. As the subrogation existed before the "settlement with or recovery by the injured employee," there is no point in the statement that "there is no right left to be subrogated to"; and the question at issue is really this: Can a wrongdoer, who knows that an employer has a statutory right to a portion of any sum which may be recovered for injury to his employee, wholly defeat that right by stealthily settling with the employee? As regards justice and equity, surely this question answers itself. .

Section 319 of the statute (page 749) provides as follows: "Where a third person is liable to the employee or the dependents for the injury or death, the employer

shall be subrogated to the right of the employee or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation."

A cursory consideration of that section establishes (1) That the employer is not given a *right* of subrogation only, but *is* "subrogated" to the extent of the compensation paid: (2) From the language used, it is fairly to be inferred that the employer may bring suit against the wrongdoer, and may retain, out of the recovery, the amount of compensation actually paid by him, and (3) Nothing is said from which it can be inferred that a settlement with the employee will bar the claim of the employer to recover the amount thus paid. These conclusions control the present case.

We see no reason for entertaining any of the fears which it is suggested may flow from our sustaining this suit. It is true the wrongdoer, if he knows the facts and does not take steps to protect himself, may be subjected to two suits, but not to two recoveries, unless as the result of his own neglect. The employer's right, though definitely given, arises only by way of subrogation, and the legislature must be presumed to have used that word,—which finds but little place outside the law,—in its legal sense. We have many times said that subrogation is a matter of pure equity, and is never allowed where it would be inequitable to do so. Consequently, as "he who would have equity must do equity," he must neither do nor leave undone anything which results in harm to those who are or may be affected by the subrogation which he claims. The employer who pays an injured employee, knows of the employment and of the amounts paid to the employee. The wrongdoer is not affected

with such knowledge. Hence, the employer who claims to be subrogated must show that the wrongdoer had that knowledge, or was acquainted with such facts as would, if followed up, lead thereto, else he may lose his right by his laches (Forest Oil Co.'s Appeals, 118 Pa. 138, 145; Gring's, App., 89 Pa. 336), if the wrongdoer in good faith settles with the party he has injured.

Even if the effect of this opinion should be to make it more difficult to effect settlements, because many injured employees (or their counsel) would insist on personally receiving all the settlement money, though their employers were both statutorily and morally entitled to part of it, still the statutory right, expressing the state's public policy, would have to be enforced. Moreover, there is ample opportunity, under our practice, for the wrongdoer to protect himself. He may ask leave to pay the amount agreed upon in settlement into court, and for the claimants thereto to interplead. Or he may demand security from the employee, or a release from the employer, before payment. Or possibly he may bring the employer into court by notice, or by the use of an appropriate writ of scire facias. There may also be other protective courses which the wrongdoer could take; but whether there are or not, and whether or not there are any effective ones, the fact remains that the wrongdoer has undertaken to deprive the employer of a known, existing, statutory right, and cannot be permitted to take advantage of his own wrong in so doing.

Much point was made in the argument that the employer, knowing of the pendency of the employee's action, was bound to obtain leave to intervene, failing which, as was the fact here, he would lose all claim as against the wrongdoer. This also was not argued in the trial court, and hence needs no consideration here. While the course suggested would have been a proper one, and might well have been pursued, we find nothing in the statute which compels it, and hence hold that the explicit written notice to defendant, which admit-

tedly was received, was sufficient, under the facts of the instant case, to preserve the employer's right: Fire Assn. of Phila. v. Wells, 84 N. J. Eq. 484; Powell v. Wake Water Co., 171 N. C. 290; Cushman, etc., v. Boston, etc., Ry., 82 Vt. 390; Annotated Cases 1917 A, 1298-1300, note.

The judgment of the Superior Court is affirmed.