Moltz, to use, *v.* Sherwood Brothers, Inc.,
Appellant et al.

Argued October 9, 1934.

Before TREXLER, P. J., KELLER,
CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
JAMES, JJ.

*H. Rook Goshorn,* and with him *H. S. Ambler, Jr.,*
for appellant.

*Arthur T. Porteous,* for appellee.

Opinion by Stadtfeld, J., February 1, 1935:

The amended statement of claim in this case alleged that Gould Moltz, legal plaintiff, was injured on the 16th day of November, 1928, in a collision between his automobile and one driven by a servant or employee of Sherwood Brothers, Inc., defendant, through the negligence of said employee; that the use plaintiff, Royal Indemnity Company, under the terms of a policy of insurance given legal plaintiff's employer, paid the legal plaintiff $602.14 due him under the Workmen's Compensation Act; that it notified defendant that it would pay compensation and medical bills for which it is entitled to reimbursement upon settlement with the employee; that thereafter the injured employee brought suit and recovered judgment against the defendant in the Court of Common Pleas No. 5 of Philadelphia County, in the sum of $20,000, which judgment was paid in full to the employee's attorney and the judgment satisfied; that "defendant has failed and refused to reimburse the use plaintiff out of the amount payable by virtue of the judgment obtained," but has paid the whole amount to legal plaintiff's attorney, "without deducting or retaining in use plaintiff's behalf the sum of $602.14."

An affidavit of defense was filed admitting the agency of defendant's driver, the receipt of plaintiff's letter advising that it would pay compensation, the recovery of judgment by the injured employee, and payment to the attorney of record of the amount thereof. Defendant denied that payment was made in disregard of plaintiff's rights, but under compulsion of law; defendant also pleaded an offer by legal plaintiff's attorney to reimburse use plaintiff from the judgment he recovered; that the present suit is barred by the statute of limitations; and that plaintiff's claim is res judicata by reason of the former judgment.

The case was tried before the court without a jury.

At the trial plaintiff offered the admission of the affidavit of defense, that it paid the injured employee $602.14 as workmen's compensation; the judgment and record in the employee's suit against the defendant. Plaintiff relied upon the judgment in the court of common pleas No. 5 to establish defendant's negligence.

Defendant proved that the writ in the instant case was issued more than two years after the injury was received; that after the first letter no further communication was ever received by defendant from use plaintiff or the employer with reference to its subrogation rights. Defendant also undertook to prove the alleged offer to reimburse use plaintiff from the employee's recovery, but this testimony was ruled out by the trial judge. The court refused request for finding in favor of defendant, and found for plaintiff in the sum of $602.14 to which interest from the date of the employee's judgment in the sum of $96.35 was subsequently added. Motions for new trial and for judgment n. o. v. were overruled and judgment entered for plaintiff in an opinion by CRANE, J. From that judgment this appeal was taken by defendant.

Appellant's contentions are treated under the following heads: I. That the lower court failed to consider the equities of the case (a), in that the use plaintiff did not properly protect its subrogated rights; (b), that the question whether the employer had recourse to the fund recovered by the employee was a proper matter of inquiry; (c), that the present judgment operates as a double recovery for the same default. II. That the suit is barred by the statute of limitations. III. That the present claim is res judicata by reason of the former judgment for the same cause of action. IV. That plaintiff failed to prove a right of action under the Workmen's Compensation Act. V. That defendant's negligence was not properly established.

An injured party may bring only one action against a wrongdoer for damages arising out of the tort: Fields v. Phila. R. T. Co., 273 Pa. 282, 117 A. 59.

The employer's right of subrogation must be worked out through an action brought in the name of the injured employee, either by joining the employer as a party plaintiff (Gentile v. P. & R. Ry. Co., 274 Pa. 335), or as a use plaintiff (Mayhugh v. Somerset Telephone Co., 265 Pa. 496). See also Wilson v. Pittsburgh B. & I. Works, 85 Pa. Superior Ct. 537, 539. Quoting from Powell v. Water Co., 171 N. C. 290, 296: "The right of action is for one indivisible wrong, and ᐧ this abides in the insured, through whom the insurer must work out his rights upon payment of the insurance, the insurer being subrogated to the rights of the insured upon payment being made.    Hall v. R. R., 80 U. S. 367; R. R. v. Jurey, 111 U. S. 595; Phoenix Ins. Co., 117 U. S. 321; R. R. v. Ins. Co., 139 U. S. 235. . . . . . . This right of the insurer against such other person is derived from the assured alone, and can be enforced in his right only. . . ᴵᴵ . . . In support of this rule it is commonly said that the wrongful act is single and indivisible and can give rise to but one liability."

There is a clear distinction between the instant case and the case of Smith v. Yellow Cab Co., 288 Pa. 85, 135 A. 858.    In that case the defendant settled the cause of action before judgment and paid the injured party voluntarily, after he had received notice of the employer's claim for subrogation.    In this case there was no settlement out of court.    The defendant only paid the judgment which had been obtained against him.    It was no defense to that judgment that the employer or insurance carrier might be entitled to receive a part of it.    That was between them and the plaintiff in the judgment, but it was not a matter of defense to the judgment.    The mere giving of notice to

the defendant in the action did not relieve the employer or the insurance carrier of reasonable diligence in looking after its own claim, nor permit it to recover a second judgment on the same cause of action for which the injured employee had already recovered a judgment which had been satisfied.

"Where a person causing the loss of insured property has been compelled by means of a suit brought by the insured to pay for the loss, an action cannot afterwards be maintained against him to enforce the right of subrogation of the insurer.    Fidelity Ins. Co. v. Atlantic Coast Line R. Co., 165 N. C. 136, 80 S. E. 1069; See also Illinois Cent. R. Co. v. Hicklin, 131 Ky. 624, 115 S. W. 752": Annotated Cases, 1917 A. 1299.

If Gould Moltz, the person injured by the collision, had brought no action against the party who injured him, within two years, the employer or his insurance carrier could not bring such an action after two years. Under either view above stated, the present action would not lie.

The assignments of error are sustained, the judgment of the lower court reversed and judgment now entered for the defendant.