JUAN ANTONIO MACHADO, Plaintiff and Appellee, v. THE AMERICAN RAILROAD CO. OF PUERTO RICO, Defendant and Appellant.

No. 6963. Argued March 18, 1936.—Decided April 28, 1936.

*M. Acosta Velarde* for appellant. *García Méndez & García Méndez* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

The Industrial Commission of Puerto Rico awarded the sum of $1,350 to Juan Antonio Machado for the loss of one leg in an accident while working as a laborer. Subsequently the injured workman brought suit against the American Railroad Co. of P. R. to recover damages for the injuries suffered in that same accident. The railroad company admitted by stipulation that said accident was due exclusively to its fault, carelessness, or negligence. The plaintiff admitted having received $1,350 as compensation for said injury, under the Workmen's Compensation Act of 1928. By virtue of the aforesaid stipulation the parties agreed to submit to the court the following questions of law:

A. Has the plaintiff, Juan Antonio Machado, the right to sue the American Railroad Co. of P. R. and to recover damages in accordance with the Workmen's Compensation Act?

B. In case the court were to decide that the plaintiff has the right to sue the railroad company and to recover damages from the latter, to what amount is the plaintiff entitled considering the stipulated facts?

The District Court of Aguadilla answered the first question in the affirmative, and in deciding the second it granted $1,800 to the plaintiff as damages, stating that the amount of $1,350 that the plaintiff received by order of the Industrial Commission should be withheld until the rights of the employer that made the payment, the Central Cambalache, were determined.

The appellant assigns four errors which we will discuss jointly, as the questions involved are intimately connected with each other and may be reduced to the inquiry of whether the lower court was correct in making its findings upon the issues as submitted by the parties.

 The defendant-appellant begins by calling our attention to an error committed by the lower court in commenting on section 45 of Act No. 85 of 1928 (Session Laws, p. 630), which textually reads as follows:

"In cases where the injury for which workmen are entitled to compensation under this Act shall have been sustained under circumstances creating a liability against a third person or against the employer for injuries caused by his illegal act or gross negligence (willful misconduct) or by defects in the machinery or implements, if the workman or his heirs receive compensation under this Act from the State Fund, the Industrial Commission shall be subrogated to the rights of the injured workman or his heirs and may prosecute an action and recover damages from such third person or such employer liable for such injury, which damages when recovered shall be covered into the Workmen's Relief Trust Fund for the benefit of the particular group in which the injured workman's occupation was classified."

The lower court maintains that the section above transcribed has no application to the instant case, because the defendant has not admitted that it was guilty of willful misconduct but only of mere negligence or carelessness. The reasoning is not correct. Even though the defendant were guilty of an illegal act or of willful misconduct, the provisions of said section would not be applicable because according to section 4 of the same act, an accident will not be regarded as a labor accident, and hence will not entitle a laborer or his heirs to compensation, "when the injury is caused the laborer by the criminal act of a third person." Where a third person incurs in liability, not amounting to willful misconduct towards a laborer whose employer is insured with the State Insurance Fund, the Industrial Commission shall be subrogated to the rights of the injured workman or his heirs, and may prosecute an action to recover damages from such third person. It may likewise sue when the employer has been guilty of gross negligence (willful misconduct) and is insured with the State Fund. In either case the laborer has a clear right to seek redress directly from the person responsible for the accident, and it is for this reason that the Industrial Commission may subrogate itself to the rights of the injured workman.

It is true that the workman may sue the employer in certain cases specified in sections 31, 33, and 44 of the act, and it is no less true that he may also sue a third person, when he wishes to do so, without his right being subject to any legal limitation. Section 44 reads as follows:

"Nothing in this Act contained shall be interpreted as depriving the injured workman or his heirs, in accordance with this Act, in case of death, of waiving the provisions of this Act at any time prior to receiving compensation under this Act and to claim and recover damages from his employer, in accordance with the provisions of the law before this Act takes effect, when the injuries sustained by the said workman were caused by the illegal act or gross negligence (willful misconduct) of his employer; *Provided,* That only in case

of waiver and others comprised herein shall the workmen comprised in this Act, or their heirs in accordance with the same, have the right to institute an action for damages against the employer."

As may be seen, in case of an illegal act or willful misconduct, the laborer may bring suit for damages against his employer, if he waives his statutory compensation.

The provisions transcribed clearly show that the legislative intention could not have been to grant to the Industrial Commission the right of subrogation where the accident was caused by the illegal act or willful misconduct of a third person, for the simple reason that an accident which has occurred under such circumstances, is not covered by the provisions of that act. The Industrial Commission, which in these circumstances is not bound to pay compensation whatsoever to the laborer, can not have a right of subrogation to claim a sum of money that the State Fund has not disbursed and that it is not bound to pay.

Section 45 of the act, which is the only one that mentions third persons, does not preclude the laborer from bringing an action for damages against a third person, even though he has been compensated under the act for the same accident. Even in a case where the State Insurance Fund has paid the corresponding compensation for the accident to the plaintiff, he would not be prevented from bringing an action against the railroad company, since section 45 only says that:

" . . . the Industrial Commission shall be subrogated to the rights of the injured workman or his heirs and may prosecute an action and recover damages from such third persons. . . . "

The right of the Industrial Commission to subrogation is no obstacle to a recovery by the laborer of proper damages in a suit brought by him against the third person liable. The fact that a person is entitled to be subrogated to the rights of another does not preclude the latter from the exercise of an action to enforce his own right. The subrogation does

not imply an exclusive right to bring the action. *Wm. Cameron & Co.* v. *Gamble,* 216 S. W. 842; *Scalise* v. *Venzie & Co.,* 152 A. 90; *Reynolds* v. *Grain Belt Mills Co.,* 78 S. W. (2d) 124, 130. In *Maltz* v. *Sherwood Bros.,* 176 Atl. 842, it was held that the right of subrogation of an employer must be exercised through an action brought in the name of the injured workman. If the latter brings suit after he received compensation, the Industrial Commission will be entitled to recover an amount equal to the one it paid the laborer.

There are statutes of this kind in the United States which provide that in these cases the laborer has a right to elect whether he will accept the compensation granted by law or bring an action for damages against the third person responsible for the accident. (Mass., Mich., Minn., N. Y., Okl., Utah, Idaho, Me., Ont., Mont.) In the State of Washington this choice is not allowed. All claims must be made within the Workmen's Compensation Act for accidents suffered in the course of employment (Session Laws of 1911, p. 356, sec. 5). The decisions of the courts in those states can have no application in Puerto Rico, where the statutory provisions discussed and construed in those decisions do not exist. There are states where specific provisions are in force in regard to an action against a third person by the employee or his representatives. In 71 Corpus Juris 1534, it is said:

"In the absence of a statutory or constitutional requirement, an employee is not required to make an election, and the fact that he has received compensation under the act does not prevent the maintenance of an action against a third person who caused the injury."

In the State of Pennsylvania such election is not required, but the statute provides that the employer, in accordance with section 319 of the act, shall be subrogated to the rights of the laborer to the extent of the amount it has paid. The Supreme Court of said State, in the case of *Scalise* v. *F. M. Venzie, supra,* said:

"Appellee received payment under the Workmen's Compensation Act (Pa. St. 1920, sec. 21916 et seq.), and it is contended that under section 319 (Pa. St. 1920, sec. 22016), being a dependent of the employee and receiving compensation, she cannot sue, as any right of action thereunder is vested solely in the employer because he is subrogatd to the amount paid her on account of the injury. *Smith* v. *Yellow Cab Co.*, 288 Pa. 85, 135 A. 858, is relied on. What was there decided was simply this: That section 319 subrogates the employer to whatever sum he pays the employee or his dependents on account of any injury for which a third person is responsible. The decision does not hold that the employer is the only person to sue. The clear tenor of that and other decisions is to the contrary. The Yellow Cab Case held, so strongly fortified was this subrogation feature, that, if an employee settles with the wrongdoer, the employer's subrogated sum is not lost thereby, although his right may be lost by laches. In the first case which considered the question of action by the employer (*Mayhugh* v. *Somerset Telephone Co.*, 265 Pa. 496, 109 A. 213), the court below marked a portion of the judgment for the employer's benefit; we dismissed the appeal, sustaining the order without discussing the employee's right. Section 319, in saying 'subrogated . . . to the extent of compensation payable,' does not contemplate that the sole right to recover against the tortfeasor is in the employer, nor is there anything elsewhere in the act which suggests such a thought.

"The right of action remains in the injured employee; suit is to be brought in his name; the employer may appear as an additional party plaintiff, as in *Gentile* v. *Phila. & Reading Ry.*, 274 Pa. 335, 118 A. 223; or, as useplaintiff, as in *Mayhugh* v. *Somerset Telephone Co., supra,* may intervene for the purpose of protection or he may do as suggested in *Smith* v. *Yellow Cab Co., supra,* notify the tort-feasor of the fact of employment and of the payments made or to be made. The employer, moreover, is not to be denied his right of suit because the employee does not sue, but may institute the action in the latter's name."

In New Jersey, apparently no law exists compelling an election of remedies, as may be inferred from the case of *Jacowitz* v. *Delaware L. & W. R. Co.*, 87 N. J. L. 273, 92 A. 946, where the Court of Appeals and Errors said:

"The only remaining ground urged for reversal by counsel of appellant is the refusal of the trial judge to direct a verdict for the

defendant. The appellant claims that it was entitled to this direction because it appeared that the plaintiff had received compensation in a proceeding against the Magor Car Company, his employer, under the workingmen's compensation act, for the injuries sustained by him, and for which the plaintiff executed a general release to the Magor Car Company; that the Magor Car Company was a joint tort-feasor; and that a release to it operated in law as a release to the appellant. The answer to this contention is twofold:

"In the first place the compensation paid by the Magor Car Company to the plaintiff was in discharge of an obligation springing from a statute, and which may be properly termed a statutory contract between master and servant. By the terms of the statutory contract the servant was entitled to compensation, irrespective of the fact whether the master was negligent or not. While no duty rested upon the plaintiff to give a release to the Magor Car Company, the fact that it was given will not raise a presumption that it was given to the master to release it as a joint tort-feasor, in face of the fact that there was a proceeding pending in court against the master by the plaintiff, under the workingmen's compensation act, and in which the amount of compensation had been commuted by the court to the sum of $800, and for which amount the release was given.

"In *Newark Paving Co.* v. *Klotz*, 85 N. J. Law, 432, 91 Atl. 91, affirmed on appeal by this court, at the June term, 1914, it was held that a workman, who was injured in an accident arising out of and in the course of his employment, for which a tort-feasor, other than his employer, was responsible, did not lose the right to compensation under the act of 1911 (P. L. 1911, p. 134), by reason of a settlement with and release of the tort-feasor. In the case at hand, it is true that the release was given to the employer and not to the tort-feasor, as in *Newark Paving Co.* v. *Klotz, supra;* but this difference in that respect does not in the slightest degree affect the applicability of the governing principle, relating to the legal effect of such a release adopted in that case, to the one under consideration."

According to the above-cited decisions, which involve statutes very similar to our own, as regards the question raised, the laborer may claim compensation from a third person responsible for the accident even though he has received compensation in accordance with the Workmen's Compensation Act.

■ The defendant-appellant urges that section 1112 of the Civil Code, 1930 ed., is applicable to the case at bar. That section provides that any person who makes a payment for the account of another may recover from the debtor the amount of the payment, unless it was made against the express will of the latter. It is argued that the person who paid to the laborer the compensation granted by the Industrial Commission has been subrogated to his rights and that only such person can bring this action. In our opinion, the subrogation does not limit the right of the workman to seek redress from the third person responsible. If the workman were forbidden to sue the third person because of the subrogation, the result would be that the third person guilty of the tortious act would be relieved from paying any amount in excess of that paid by the employer, that he would have been bound to pay in case suit had been brought directly by the laborer. In such action, where the master and the servant are interested parties, the liability of the defendant should be single and indivisible, for it would be unreasonable to subject it to the burdens and inconveniences of two separate suits, one by the servant and one by the master. We are of the opinion that when the workman fails to bring the action, the master may do so in his own name, and that when the action is exercised by the servant, the master has a right to intervene. Perhaps the better practice would be for them to join in bringing the action.

It is clear, in our opinion, that the action exercised by the plaintiff in the case at bar is authorized by law, and this does not mean that the laborer may enrich himself by receiving double indemnity for the same accidents. If the damages exceed the compensation obtained by the workman, under the Workmen's Compensation Act, the person who paid this compensation has a right to receive an amount equal to the compensation paid.

Concerning the award of damages, we do not think that the court a quo has granted an excessive amount. The Indus-

trial Commission awarded to the plaintiff the sum of $1,350 as compensation. The district court adjudged the defendant to pay him the amount of $1,800 for the loss of the leg and the resultant incapacity to do his work for the rest of his life, and for the moral and mental anguish he has suffered. The court, in its judgment, directed that the sum of $1,350 granted to the plaintiff under the decision of the Industrial Commission of Puerto Rico, should be withheld pending a determination of rights of the employer who made the payment. This part of the judgment affects in no way the rights of the defendant, and has not been attacked by either of the parties. The district court, as a matter of fact, has granted the plaintiff an additional amount of $400. The rights of said plaintiff is the only question pending before this court.

In the case of *Black* v. *Chicago Great Western R. Co.,* 174 N. W. 774, 780, an action was filed by a workman after he had received compensation according to the Workmen's Compensation Act. The appellate court affirmed the judgment of the lower court, and in concluding the opinion rendered it said:

"Under the peculiar circumstances shown, the cause is remanded, with directions that the employer be brought in, to the end that any compensation which has been paid by him may be deducted from the judgment and paid to him, and the balance to plaintiff."

In the instant case the plaintiff himself has taken care of obviating any difficulty, as he has raised no objection whatsoever to the judgment rendered by the lower court, reserving the sum paid until the rights of the person who made the payment are determined.

The judgment appealed from should be affirmed.

Mr. Justice Travieso took no part in the decision of this case.