## Donegal Mutual Insurance Co. v. Silverblatt

R. *Thomas Strayer*, for plaintiff.

*Yost & O'Malley*, for defendant.

GRIFFITH, P. J., August 24, 1964.—A complaint in trespass was filed alleging a motor vehicle accident on January 12, 1957, between automobiles operated by plaintiff's insured, Father Krsto Roganovich, and Gertrude Silverblatt. In the accident, Father Roganovich was killed and his automobile destroyed. The complaint sets forth that $100 deductible collision insurance was carried by decedent, Roganovich, with Donegal and that, as a result of such coverage, Donegal paid decedent's administrator for the damaged automobile and now seeks to recover under the subrogation clause contained in the insurance policy for the amount paid or $1,314.

After first paying the estate of Father Roganovich, Donegal, on March 5, 1957, wrote to Mrs. Silverblatt, stating that it had paid the property damage claim to the administrator and that liability for this claim rested with her. They suggested that Mrs. Silverblatt turn the letter over to her insurance carrier, the Zurich General Accident and Liability Insurance Company, "as a formal subrogation demand in the amount of $1,414". On March 11, 1957, Zurich wrote to Donegal's adjuster that it had received the letter which had been sent to Mrs. Silverblatt and would make an investigation. However, on September 10, 1957, in consideration of the sum of $26,250, a release in full settlement of all claims and demands both for personal injury and property damage was given to Mrs. Silverblatt by the administrator of Father Roganovich.

Defendant Silverblatt filed an answer setting forth the release given by the administrator and contending that plaintiff Donegal had no claim against Silverblatt

because no assignment had been presented to defendant by plaintiff prior to the execution and delivery of the release. Plaintiff replied by setting forth copies of its letter of March 5, 1957, to Mrs. Silverblatt and letter from her insurance company, Zurich, to Donegal dated March 11, 1957, and contending that the release given by decedent's administrator to defendant was not sufficient to bar Donegal's claim for subrogation, since the settlement and release had occurred after Donegal had paid the estate's claim under its insurance policy and had given notice to defendant of such payment and that its claim for subrogation would be insisted upon.

Defendant calls our attention to the cases of Moltz v. Sherwood Brothers, 116 Pa. Superior Ct. 231, and Saber v. Supplee-Wills-Jones Milk Co., 181 Pa. Superior Ct. 167. In these cases, the suits of plaintiffs' insured had proceeded to trials and adversary verdicts and judgments against the tortfeasors and, in the Saber case, the letter from plaintiff's insurer did not "in any way suggest the possibility of a subrogation claim." In the present case, as in the case of Smith v. Yellow Cab Co., 288 Pa. 85, the case was settled between plaintiff's insured and the tortfeasor without trial.

We need not be concerned with the question of whether or not "split" actions may be brought based on the same act of negligence; one for personal injuries and one for property damage. Two such actions may not be brought where there has been a "judgment on the merits" in one because such a judgment is a bar to the other action: Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282, 284. The real issue, as suggested in the Smith case, at page 88, is whether a tortfeasor, who knows that his adversary's insurance carrier has a contractual right to subrogation of a portion of its insured's claim by reason of having

previously paid its insured, can wholly defeat that right by stealthily settling with such carrier's insured.

When the action between the carrier's insured and the tortfeasor proceeds to trial and adverse judgment, the equities are very different. In that event, the tortfeasor is under the compulsion of a verdict and judgment to pay after a trial in open court of which the insured plaintiff's carrier had at least constructive notice. As we see it, the Saber case is not applicable here, because this case did not proceed to a judgment on the merits against the tortfeasor: 19 Univer. of Pitt. L. Rev. 454. Whether or not Mrs. Silverblatt and the administrator obtained court approval for their agreement of settlement and discontinuance because a decedent's estate was a party would not be important because, even in that event, there would have been no judgment on the merits.

Where, after an insurance carrier has paid a claim to the injured party, the tortfeasor, with knowledge and notice of the carrier's payment and subrogation rights procures a full release by voluntarily making a settlement with the carrier's insured, to which the carrier is not a party and without the consent of the carrier, such release and settlement does not bar an action to enforce the insurance carrier's right to subrogation: 92 A. L. R. 2d 124. And even where the rule against splitting a cause of action is applicable to a settlement by the insured short of judgment, yet where a tortfeasor, chargeable with notice of an insurer's rights, makes a compromise settlement with the insured, to which the insurer is not a party, the tortfeasor either waives his right to invoke or is estopped to rely upon the rule as a defense to an action by the nonconsenting insurer as subrogee. Under such circumstances, the settlement is regarded as having been made subject to, and with a reservation of, the rights of the insurer, and the tortfeasor is deemed to have

consented to a separation of the rights of the insured and the insurer, although such rights may originally have been part of a single indivisible cause of action: 92 A. L. R. 2d 148.

We believe plaintiff's complaint states a cause of action and, therefore, enter the following

DECREE

And now, August 24, 1964, at 1:30 p.m. (DST), after argument and upon due consideration, defendant's motion for judgment on the pleadings is dismissed.