**KEYSTONE INSURANCE COMPANY,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 69–1564.**

United States District Court,
E. D. Pennsylvania.

Aug. 18, 1971.

Edwin S. Heins, Jr. (Raspin, Espenshade, Heins & Erskine), Philadelphia, Pa., for plaintiff.

Charles B. Burr, II, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Defendant, United States of America, has filed a Motion to Dismiss the instant complaint for failure to state a claim upon which relief can be granted.

The action arises from the crash of a Navy airplane piloted by a member of the United States Armed Forces on July 7, 1963 at the Greenhill Day Camp in Horsham, Pennsylvania. Plaintiff, Key-

stone Insurance Co., insured a vehicle belonging to Brooks and Cobler Consulting Service which was damaged in the accident. The damaged vehicle was repaired for $948.70 and plaintiff paid for the loss less the deductible under its collision policy. Shortly thereafter plaintiff obtained a written subrogation agreement from Brooks and Cobler allowing plaintiff to maintain an action against the defendant for the amount of the property damage. On October 1, 1963, plaintiff notified defendant of its subrogation interest by letter mailed to Willow Grove Naval Air Station, Willow Grove, Pennsylvania.

Meanwhile, Robert C. Brooks, plaintiff's insured, filed suit against defendant for personal injuries and property damage. Plaintiff was not notified of the trial which commenced on September 18, 1968. On September 20, 1968, the jury rendered a verdict in favor of Robert C. Brooks for personal injuries only in the amount of $47,000. There was no award for property damage although an allegation of property damage was included in the suit.

On February 3, 1969, plaintiff received a letter from a representative of defendant that plaintiff's claim was being denied because the September, 1968, verdict was considered to have included an amount for the automobile. The instant action was then filed under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.

Since the complaint filed by plaintiff's insured, Robert C. Brooks, included an allegation of property damage to the vehicle, defendant contends that the verdict received includes property damage although the specific terms of the verdict did not include such an award. Defendant argues, therefore, that the instant action is barred by the prior judgment in favor of plaintiff's insured.

In an action brought under the Federal Tort Claims Act, whether the plaintiff's complaint states a cause of action should be determined according to the law of the state in which the alleged

tortious conduct took place. *See* Richards v. United States, 369 U.S. 1, 82 S. Ct. 585, 7 L.Ed.2d 492 (1962). In the instant action, therefore, Pennsylvania law governs.

The Supreme Court of Pennsylvania stated in Spinelli v. Maxwell, 430 Pa. 478, 480, 243 A.2d 425, 427 (1968):

"[W]hen personal injuries to a person and damages to his property arise from the same cause and the same tortious act, the person who has sustained such personal injuries and property damage *must* seek recovery for both in a single action and, if separate actions are instituted for each category of damage and a judgment is rendered in one of such actions, the entry of such judgment has the effect of *res judicata* and bars recovery in the other action. Such is the view of a substantial majority of jurisdictions in the United States, and to this view Pennsylvania has long adhered. (Citations omitted)."

 Furthermore, while a settlement and discontinuance by the insured of an action for personal injury does not preclude a suit by the subrogee for property damage, Smith v. Yellow Cab Co., 288 Pa. 85, 135 A. 858 (1927), it is another matter when the subrogee is confronted by a judgment which has been satisfied rather than a settlement and discontinuance. *See* Saber v. Supplee-Wills-Jones Milk Co., 181 Pa.Super. 167, 124 A.2d 620 (1956); Moltz, to Use of Royal Indemnity Co. v. Sherwood Bros., 116 Pa.Super. 231, 176 A. 842 (1935).

In *Moltz*, the insured was injured in a motor vehicle collision. The insurance carrier paid the insured the amount due him under the Workmen's Compensation Act, 77 P.S. § 1 et seq., and notified the defendant that it was entitled to reimbursement. The insured then brought suit against defendant and recovered a judgment which was satisfied. When the insurance carrier thereafter instituted suit to recover the amount of the compensation payments, the Court found for the defendant and noted:

"There is a clear distinction between the instant case and the case of Smith v. Yellow Cab Co., 288 Pa. 85, 135 A. 858. In that case the defendant settled the cause of action before judgment and paid the injured party voluntarily, after he had received notice of the employer's claim for subrogation. In this case there was no settlement out of court. The defendant only paid the judgment which had been obtained against him. It was no defense to that judgment that the employer or insurance carrier might be entitled to receive a part of it. That was between them and the plaintiff in the judgment, but it was not a matter of defense to the judgment. The mere giving of notice to the defendant in the action did not relieve the employer or the insurance carrier of reasonable diligence in looking after its own claim, nor permit it to recover a second judgment on the same cause of action for which the injured employee had already recovered a judgment which had been satisfied." *Moltz,* 116 Pa.Super. at 234–235, 176 A. at 843.

Thus, Pennsylvania law does not support plaintiff's position. A claim for property damage was raised by plaintiff's insured in the pleadings of his action and an opportunity, therefore, afforded to present evidence with respect to such damage. That such evidence was not produced at trial and the verdict did not include an award for property damage does not permit plaintiff to bring an action now to recover property damages. It is plaintiff's obligation to use reasonable diligence in looking after its own claim.

For the foregoing reasons, plaintiff's complaint will be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b) (6) for failure to state a claim upon which relief can be granted.