## Dyson v. Marshalltown Manufacturing Company

*Joseph P. Moschetta,* for plaintiff.

*Roger J. Ecker,* for Marshalltown Manufacturing Co.

*William A. Weiler,* for Webb Corp. and Positive Safety Mfg. Co.

*Scott E. Henderson,* for Rockford Safety Equipment Co.

*Robert L. Byer,* for Richard M. Galbreath and Galbreath Machinery.
*James F. Manley,* for Superior Valve Company.

RODGERS, *J.,* August 4, 1981.—This case is before the court on the motion of one of the original defendants, Positive Safety Manufacturing Company, to rejoin the Superior Valve Company, plaintiff's employer, as a defendant, or in the alternative, to join Superior Valve Company as an involuntary plaintiff, in order to determine the subrogation rights of the employer in this case.

For reasons stated, defendant's motion is denied.

The complaint alleges that on September 22, 1977, while plaintiff, Dyson, was employed by the Superior Valve Company, as punch press operator, one of her fingers was crushed as a result of an alleged malfunction of the punch press. Plaintiff brought suit against the alleged manufacturers of the punch press, and additional attachments, and alleged successor entities and distributors.

Marshalltown Manufacturing Company, one of the original defendants, filed a praecipe for a writ of summons to join plaintiff's employer, Superior Valve Company as an additional defendant. After Superior Valve filed an affidavit that it was the employer of plaintiff at the time of the accident, and moved for summary judgment, Marshalltown, by its counsel, moved to withdraw its writ of joinder and it was so ordered. Superior now claims that the order of May 30, 1980, which stated "upon consideration of the within motion, and good cause appearing, it is ordered and decreed that the writ of joinder of additional defendant, Superior Valve Company, is hereby withdrawn and it is ordered and decreed that these proceedings are hereby set-

tled and discontinued with prejudice as to only Superior Valve Company," is res judicata and Positive Safety Manufacturing Company is barred by this order.

This order was based on the voluntary consent of one of the original defendants, Marshalltown, to withdraw its motion to join Superior as an additional defendant, in the light of Tsarnas v. Jones & Laughlin Steel Corporation, 488 Pa. 513, 412 A. 2d 1094 (1980), and is not res judicata of the motion of another defendant. Positive Safety Manufacturing Company, to join Superior as an involuntary plaintiff to determine its right of subrogation, if any, in this proceeding.

In the case of Stark v. Posh Construction Company, 192 Pa. Superior Ct. 409, 416, 162 A. 2d 9 (1960), Judge Woodside said this:

"Justice required a further consideration: What was to happen if the employe was injured by the negligent act of a third party? The third party should not be relieved of its liability for its negligence; the injured person should not recover double for the same damage; the employer should not be financially damaged by being compelled to pay compensation to his employe made necessary by the negligence of the third party. Therefore, the Workmen's Compensation Act provided from its beginning that an employer should be entitled to subrogation to the extent of his compensation payments, which, of course, is the same amount that the injured employe should not be entitled to receive because it would be double payment, and that the third party should be required to pay because his negligence caused the injury.

"But, if the employer is equally guilty of negligence with one or more other persons, equity and common sense dictate that he should not be re-

lieved of *all* liability. He was an employer and he was negligent. He should not be free from both that which was imposed upon him for his negligence *and* that which was imposed upon him as an employer. Because he is required by the Workmen's Compensation Act to pay his employe regardless of his defenses, he is limited in his liability for his negligence. This limit establishes a certainty which has some general economic value, and is in keeping with the theory of workmen's compensation." (Emphasis in original.)

2A Larson, Workmen's Compensation Law §76.10 (1976), says this:

"Perhaps the most evenly-balanced controversy in all of compensation law is the question whether a third party in an action by the employee can get contribution or indemnity from the employer, when the employer's negligence has caused or contributed to the injury."

Prior to a recent amendment to the Workmen's Compensation Act, the law, as set forth in Stark, supra, held that the employer could be joined by the third party as an additional defendant. Where the third party was causally negligent, if the employer was not negligent, he was entitled to full recovery of his compensation payments, after pro rata reductions for attorney's fees and costs. If the employer was also negligent, he was not entitled to recover any of his compensation payments, and the third party was entitled, by way of contribution, to credit for compensation payments paid or to be paid, thus, preventing any double recovery on the part of the employe.

Section 303(b) of The Pennsylvania Workmen's Compensation Act of December 5, 1974, P.L. 782, sec. 6, 77 P.S. §481(b), provides:

"(b) In the event injury or death, to an employee is caused by a third party, then such employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

Section 319 of The Pennsylvania Workmen's Compensation Act, 77 P.S. §671, unchanged by the *1974 amendment,* provides:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer

shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation."

In the case of Hefferin v. Stempkowski, 247 Pa. Superior Ct. 366, 368, 372 A. 2d 869, 870 (1977), the court held that the 1974 amendment barred the joinder of plaintiff's employer as an additional defendant in an action brought by plaintiff employe against the third party. The court, after reviewing the background of the 1974 amendment, noted that by the amendment, the compensation payments on an average were more than tripled, and said this:

"The National Commission on State Workmen's Compensation Laws submitted its report to the Congress and the President in July, 1972. The report contained 84 recommendations for the improvement of state workmen's compensation laws, and of the 84 recommendations, 19 were deemed essential by the Commission. Recommendations R. 2.18 and R. 2.19 address immunity and exclusivity of employers from negligence actions when an employee is impaired or dies because of a work-related injury or disease. The Commission recognized that its recommendations would result in increased costs to employers and included the exclusive liability of an employer as one of the 19 essential recommendations.

"With the Commission report as a background, the Pennsylvania Legislature in the years 1972 through 1974 undertook a massive overhaul of the State's Workmen's Compensation Law and Occupational Disease Law which, among other items, caused the average weekly payment to rise from $60.00 per week to a present $187.00 per week. It was the intention of the Legislature to have the

Pennsylvania Workmen's Compensation Law comply with as many of the essential recommendations of the Commission as possible. This culminated on December, 1974 with the enactment of S.B. 1223, wherein the intention of the amendments to Section 303 was to grant the employer total immunity from third-party actions. To accomplish this, the Legislature adopted the language in Section 5 of the Longshoremen's and Harbor Worker's Compensation Act, 33 U.S.C. §901, et seq., where the employer is granted total immunity from third-party actions and is also subrogated to the full extent of its workmen's compensation lien. This becomes a statutory right, and it is not necessary for the employer to enter the action as an equitable plaintiff as is the case in some other jurisdictions. The Federal case law is lengthy and affirms the language of Section 5, and it is with this thought in mind that the Pennsylvania Legislature adopted the present Section 303 language. . . ."

The constitutionality of section 303(b), was subsequently upheld by our Supreme Court in the case of Tsarnas v. Jones & Laughlin Steel Corporation, supra.

The interpretation of section 303(b) of The Pennsylvania Workmen's Compensation Act has resulted in various court decisions which cannot be reconciled.

Judge Diamond in the case of Shaner v. Caterpillar Tractor Co., 128 Pitts. L.J. 161 (1980) held that the employer's joinder as an additional defendant or involuntary plaintiff in a suit by the injured employe against the third-party equipment manufacturer was precluded by the Hefferin case, and by reason of the amendment to section 303(b) of The Pennsylvania Workmen's Compensation Act. Judge Diamond said, 128 Pitts. L.J. at 162:

"It is clear from the foregoing, that under the substantive law of Pennsylvania an employer is absolutely and completely immune from suit as a party for any purpose in an action brought by an injured employee against a third party to recover damages arising out of employment-related injuries. Any such cause of action has been 'obliterated' by the 1974 amendment to §303(b) of the Pennsylvania Workmen's Compensation Act."

It follows from Judge Diamond's decision that the employer's subrogation claim is not barred by the concurrent negligence of the employer and third parties.

However, in the case of Lipari v. Niagara Machine & Tool Works, 87 F.R.D. 730 W.D.Pa. (1980), Judge Weber, also of the United States District Court for the Western District of Pennsylvania, held that the employer could be joined as an involuntary party-plaintiff in order to determine whether the employer's negligence barred its subrogation rights. Judge Weber also held that, in the event of the concurrent negligence of the employer, the third-party defendants were entitled "to credit for the amounts already paid to plaintiff as compensation, to the extent that the employer's negligence is established as a contributing cause of the employee's injury." 87 F.R.D. at 731.

On the other hand, Judge Del Sole of the Court of Common Pleas of Allegheny County in the case of Prem v. Johns-Manville Products Corp. 129 Pitts.L.J. 150 (1981), agreed with Judge Weber that an employer may be joined as an involuntary plaintiff at the instance of the original third-party defendant, but also held at p. 152:

"Therefore, once the employer is on the record as a Plaintiff, his percentage of negligence can be de-

termined. If the employer is *not* negligent *to any degree* he recovers his subrogation interests. However, if his *is* negligent *in any degree,* his right of subrogation is eliminated and the Plaintiff-Employee can still collect his entire recoverable verdict from any other party held responsible.

"This procedure will operate to prevent a negligent employer from reaping unfair benefits as a result of his employee's lawsuit. Further, it will promote judicial economy in seeing to it that all parties who have an interest in the litigation are present on the record." (Emphasis in original.)

It would, therefore, appear that under Shaner, if the employer has given notice of his subrogation claim, he will be able to recover his compensation payments, even though the employer is concurrently negligent with the third-party defendants.

Under Lipari, if the employer is also negligent, the third-party defendants are entitled to contribution to the extent of the Workmen's Compensation payments paid and payable.

Under Prem, if the employer is also negligent, the employer is entitled to no subrogation recovery, but the third-party defendants are not entitled to any contribution for the compensation payments. Under this view, plaintiff-employe may recover both his compensation benefits and his tort damages.

Judge Spaeth in the case of Arnold v. Borbonus, 257 Pa. Superior Ct. 110, 390 A. 2d 271, 274 (1978), discusses the equities involved, and suggests that perhaps, it would be more equitable, where the employer and a third-party are equally negligent, that the third-party pay only half the judgment and the employer pay up to the compensation maximum in fullment of his half of the judgment: 257 Pa. Superior Ct. at 112, fn. 4, 390 A. 2d at 275, fn. 4.

A variation of this solution, is suggested by 2A Larson Workmen's Compensation Law §76.22 (1976), where he suggests that both the employer and the third-party pay on the basis of comparative fault in the tort action, but allow the employer to recoup his compensation outlay.

The difficulties arise because of the intermixture of statutory and judge-made law. In the case of Smith v. Yellow Cab Co., 288 Pa. 85, 135 Atl. 858 (1927), the court held that the compensation carrier for the employer, who had given the third-party notice of its compensation claim, had the right to bring suit in the name of the employe to the use of the employer, and to recover from the third-party who had settled with the employe without the employer's consent. The court further held that subrogation was a matter of pure equity; that the employer had to put the third-party on notice of its subrogation claim: that the third-party could have paid the amount of its settlement into court, and then interpleaded the employer and employe as claimants, or that he might have joined the employe by an appropriate writ of scire facias. The court also indicated that the employer could have voluntarily intervened, if it chose to do so.

2A Larson, Workmen's Compensation Law §76.22, makes clear that the prior Pennsylvania rule requiring contribution from the employer, but limiting such contribution to the maximum amount payable by the employer under the Workmen's Compensation Act is judge-made law based upon the practicalities of the situation. However, the Stark case, 192 Pa. Superior Ct. at 415, indicates that the court requiring such limited contribution was interpreting the Workmen's Compensation Act in light of the Uniform Contribution among Tortfeasors Act, 12 P.S. §2081, (repealed). This court is now faced with the interpretation of

section 303(b) of the Pennsylvania Workmen's Compensation Act, and to a lesser extent, the Comparative Negligence Act, codified at 42 Pa.C.S.A. §7102.

The Hefferin case, supra, holds unequivocally that the employer is granted total immunity from third-party action. This court holds that such immunity includes all third-party action, whether couched in the form of a praecipe, pursuant to Pa.R.C.P. 2252, to join the employer as an additional defendant for contribution or indemnity, or a praecipe under Pa.R.C.P. 2227(b) to join the employer as a defendant or involuntary plaintiff to determine a right of subrogation. The court in Hefferin stated that to accomplish employer immunity, the Pennsylvania Legislature had adopted the language of section 5 of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat 1424, 33 U.S.C.A. §901 et. seq., which language is substantially the same as section 303(b) of The Pennsylvania Workmen's Compensation Act, although the former says "the employer shall not be liable to the vessel for such damages *directly* or *indirectly* and any agreements or warranties to the contrary shall be void . . .," 33 U.S.C.A. §905(b), while the Pennsylvania Act says that the employer should not be liable to third-parties "for damages, contribution or indemnity in any action at law, or otherwise . . ."

The reasons for passing the *1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act,* particularly *section 5,* are discussed at length in Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 99 S. Ct. 2753, 61 L.Ed. 2d 521 (1979). The Supreme Court of the United States, in reversing the Fourth Circuit of Appeals, held that the stevedore employer was ab-

solutely immune from suit, and was entitled to full recovery of its workmen's compensation payments from the third-party ship owner, in a suit by the employe, even though it had been determined that the stevedore employer, through a co-employe's negligence, had contributed 70 percent of the causal negligence.

A part of the court's rationale derived from the legislative history was, that the workmen's compensation benefits were being greatly increased. In order to provide funds for such benefits, the employer was to be relieved of the costs of third-party litigation in any form, even though some inequities might result in particular cases.

The recital of the legislative history of the passage of section 303(b) as related in Hefferin, supra, as well as in Borbonus, 257 Pa. Superior Ct. at 112, 113, 390 A. 2d at 272, is substantially the same as that of section 5, as related in Edmonds.

In adopting the language of section 5 of the Longshoremen's and Harbor Workers' Compensation Act, the Pennsylvania legislature did not adopt "a courier without luggage." In this court's opinion, the adoption of section 303(b) has adjusted the equities in favor of the employer by making his subrogation reimbursement practically automatic. In view of the parallel language and legislative history of section 5 of the Longshoremen's and Harbor Workers' Compensation Act, and section 303(b) of The Pennsylvania Workers' Compensation Act, no cogent reasons have been advanced that persuade us to refuse to follow the holding in Edmonds, supra.

The alternative, under Prem, is to allow the employe a double recovery of both compensation payments and tort damages.

The suggested solution in Lipari, to allow the

third-party defendant credit, where the employer is also negligent, cannot be reconciled with the provision of Section 303(b), that the employer shall not be liable to a third-party for contribution or indemnity, and returns to the prior law as set forth in Stark, supra.

This court cannot say that the legislative solution is clearly inequitable. Larson points out, 2A Larson Workmen's Compensation Law §75, that under most statutes, the third-party suit, whether brought by the employe or the employer is deemed to be primarily the employe's cause of action. Therefore, defenses which would be available against the employe are also available against the subrogated employer, including the employe's contributory negligence. However, when the employe is the plaintiff, the employer's concurring negligence is not a defense and most cases reach the same result even when the employer is also the subrogee plaintiff. Larson says this at §75.23:

"When the question takes the form of the effect of the employer's contributory negligence in the employer's own suit, the same dilemma is presented in even more visible form. If one follows to its logical conclusion the theory that the employer is really asserting only an assigned cause of action belonging to the employee, one may well hold, in accord with the majority view, that the employer's own negligence is of no relevance. On the other hand, it is admittedly rather an odd spectacle to see a negligent employer reimbursing himself at the expense of a third party; and several courts have barred the employer's recovery on these facts. There is, however, one oversight in most of the latter cases: they have a tendency to speak of the 'employer's' negligence when what they really mean is the negli-

gence of some co-employee of the injured employee. Once this is held firmly in mind, the picture changes in two ways. First, one' moral indignation evaporates, since one no longer has the prospect of a personally guilty plaintiff claiming damages. Second, it becomes even legally inaccurate to speak of the 'employer's' negligence in such circumstances, since the employer who assumes compensation coverage is in law not liable for the negligent harms wrought by one employee upon another. It is incorrect to say that the negligence of a co-employee is the employer's negligence, when the injured person is also an employee; the principle of vicarious liability simply does not apply."

This court, therefore, holds that section 303(b) of The Pennsylvania Workmen's Compensation Act bars the joinder of the employer either as a defendant or as involuntary plaintiff.

The provisions of the Comparative Negligence Act, now 42 Pa.C.S.A. §7102, are inapposite. Section 1 of the act clearly refers to the comparative contributory negligence of a plaintiff, who has been injured or killed. Section 2 provides that contribution among defendant tortfeasors now shall be in proportion to their relative fault. The act is not applicable to the subrogation interests of the employer in this case.

ORDER

And now, August 4, 1981, the motion of defendant, Positive Safety Manufacturing Company, to join Superior Valve Company as an involuntary plaintiff or defendant is refused.