**LLOYD MOORE, Inc., et al. v. SCHWARTZ.**
**No. 41.**

District Court, E. D. Pennsylvania.
Dec. 27, 1938.

Harry S. Ambler, Jr., of Philadelphia, Pa., for plaintiffs.

Carr & Krauss, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

There are two grounds upon which this motion is based. One is that the complaint discloses no cause of action, the other that this Court has no venue jurisdiction of the action. We will consider them in inverse order because if the case must be dismissed for want of jurisdiction the other ground need not be discussed. It will be noted that there is a legal plaintiff and a use plaintiff. The legal plaintiff and the defendant are citizens of the same State, so that there is no diversity of citizenship. The use plaintiff is a citizen of a different State so that between the use plaintiff and the defendant there is the required diversity of citizenship. The Constitution confers the judicial power upon the Courts of the United States. It extends to "Controversies * * * between citizens of different States". U.S.C.A.Const. art. 3, § 2. Another and distinct ground is based upon the parties to the action or proceeding. In diversity of citizenship cases it is based upon the "controversy". Before the new Rules of Procedure, 28 U.S.C.A. following section 723c, the Equity Rules, 28 U.S.C.A. following section 723 (Rule 37 for instance) required that "every action shall be prosecuted in the name of the real party in interest". The law of Pennsylvania requires that every action at law be brought in the name of the legal plaintiff. The new Procedure Rules purport to abolish the distinction between Law and Equity. See Rule 1. Rule 17 is almost a literal rescript of our Equity Rule 37. We therefore have a procedural requirement of the United States law that the real owner of the cause of action be made the plaintiff and a State law requiring that the action be brought in the name of the legal plaintiff and the Conformity Statutes 28 U.S.C.A. § 724, enjoining that the State practice be followed "as near as may be". The American Bar Association edition of the New Rules informs us that "actions based on assigned claims are not affected by the Rules". This is under the heading of "Diversity of Citizenship". All which can be made out of this is that there has been no change in the substantive law. No one would assert that a plaintiff, who must bring his action in his own name, could by merely making it to the use of another, confer jurisdiction upon a Court which would not otherwise have it. The real question in any case is between whom is the controversy? Here the legal plaintiff was engaged in the business of selling automobiles. The defendant was a prospective purchaser. The legal plaintiff entrusted to the defendant a car for the purpose of being tried out in a test drive. One Murphy was struck by the car driven by the defendant. He brought an action for negligence against the legal plaintiff who brought in the defendant by Scire Facias under the Pennsylvania Statute. 12 P.S.Pa. § 141. The action thereupon proceeded against both. The legal plaintiff was insured by the use plaintiff. Before any judgment or verdict was reached in the suit brought the use plaintiff settled the case by paying Murphy the sum of $3750. There is no averment that this settlement was made with the knowledge or consent of Schwartz, the present defendant. Let us be reminded that we are not now discussing the question of whether the use plaintiff has a cause of action but whether the controversy presented is between citizens of different States. We consequently assume that under the law of Pennsylvania the Lloyd Moore Company would have had the right to recover from Schwartz as primarily liable, for any damages which the Lloyd Company was compelled to pay to Murphy. This, if put in controversy, would have been one between the legal plaintiff and the present defendant. The use plaintiff has no further or greater rights than those of the legal plaintiff and derives all the rights it has from the legal plaintiff. The use plaintiff is thus an assignee of the rights of the legal plaintiff and has of itself no other right than to receive the Fruits of the claim of the legal plaintiff against the defendant. The controversy, as before stated, is thus one between the legal plaintiff and the defendant, and there is no diversity of citizenship.

Under Rule 12 (b) the motion to dismiss is allowed for want of venue jurisdiction in the Court to entertain it.