### DAYTON VENEER & LUMBER MILLS v. CINCINNATI, N. O. & T. P. RY. CO.

### No. 170.

District Court, E. D. Tennessee, S. D.

Oct. 18, 1940.

NOTE. The Tennessee laws, including decisions, are substantially the same as the Pennsylvania laws referred to in Judge Dickinson's opinion.

Sizer, Chambliss & Kefauver, of Chattanooga, Tenn., for plaintiff.

Lynch, Whitaker, Hall & Allison, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

The motion has two grounds:

(1) That the complaint be dismissed because not brought in the name of the real party in interest as required by Rule 17 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

(2) That the plaintiff disclose the name of certain fire insurance companies which may have paid the plaintiff any sums of money as a result of the fire referred to in the complaint, giving amounts, etc.

There was a showing made under the motion that the plaintiff had been paid a substantial sum by certain fire insurance companies by reason of the fire.

The dispute in this case is whether or not the defendant was guilty of negligence which caused the manufacturing plant of the plaintiff to be burned.

It is my judgment that the reasoning and conclusions of Judge Dickinson, of the District Court of the Eastern District of Pennsylvania, are correct in his announcements made in the case of Lloyd Moore, Inc., et al. v. Schwartz, reported in 26 F. Supp. 188.

Judge Dickinson said that the jurisdiction of federal courts in diversity of citizenship cases is based upon the "controversy" and that the controversy was between the legal plaintiff and the defendant.

In this case the controversy is between the Dayton Veneer & Lumber Mills, as legal plaintiff, against the defendant.

For the reasons stated, more fully elaborated in the opinion above referred to, it is my judgment that the motion should be overruled.

An order will be drawn in accord with this ruling.