## Mayhugh *v.* Somerset Telephone Co., Appellant.

*Workmen's compensation—Workmen's insurance fund—Injury to third party—Subrogation—Acts of June 2, 1915, P. L. 736, and June 2, 1915, P. L. 762.*

When a workman is injured by the negligent act of a third person and recovers a judgment for his injuries against such person, his employer is entitled under the Act of June 2, 1915, P. L. 736, to be subrogated in the judgment to the extent of the compensation payable by him under the act, to his employee; and in turn under the Act of June 2, 1915, P. L. 762, the State Workmen's Insurance Fund is entitled to be subrogated to the right of the employer, for such payment as the fund has made by reason of the accident.

Submitted September 30, 1919. Appeal, No. 22, Oct. T., 1919, by defendant, from order of C. P. Somerset Co., Dec. T., 1917, No. 111, making absolute rule for subrogation in case of Benjamin H. Mayhugh to use of State Workmen's Insurance Fund v. Somerset Telephone Company. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Rule for subrogation. Before BALDWIN, P. J., specially presiding.

The court made the rule absolute. Defendant appealed.

*Error assigned* was the order of the court.

*Fred W. Biesecker* and *Joseph Levy,* for appellant, cited: Stoughton v. Mfg. Nat. Gas Co., 165 Pa. 428; St. Louis Ry. Co. v. Commercial Union Ins. Co., 139 U. S. 223; Ross v. P., W. & B. R. R. Co., 199 Pa. 378; Florence v. D., L. & W. R. R. Co., 258 Pa. 456; Grand Council of Penna. Royal Arcanum v. Cornelius, 198 Pa. 46.

*William I. Schaffer,* Attorney General, *Francis. H. Bohlen* and *Samuel I. Spyker,* for appellee, cited: Weist v. Electric Traction Co., 200 Pa. 148; Howard v. Union Traction Co., 195 Pa. 391; Charles Enew Johnson Co. v. Philadelphia, 236 Pa. 510; Peterson v. Wiggins, 230 Pa. 631.

Per Curiam, January 5, 1920:

Benjamin H. Mayhugh, an employee of the Rockwood Electric Light Company, was injured while in its employ, through the negligence of the Somerset Telephone Company, and recovered a judgment against it for $4,812, which we have this day affirmed in appeal No. 85, October Term, 1919. (See next case.) The State Workmen's Insurance Fund paid the injured employee $1,735.17 and the court below, on its petition, ordered that this amount of the judgment be marked to its use. From this order the Somerset Telephone Company has appealed. As we have affirmed the judgment against it, it cannot be prejudiced by payment to the State Workmen's Insurance Fund, in discharge pro tanto of its liability to Mayhugh, and its appeal might well be dismissed for this reason alone, but, as the question of the right of the fund to be subrogated to the extent that it has paid for the injuries sustained by him has been raised, we pass upon it.

Section 319 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, provides: "Where a third person is liable to the employee or the dependents for the injury or death, the employer shall be subrogated to the right of the employee or the dependents against such third person, but only to the extent of the compensation payable under this article by the employer. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation." The 21st section of the act providing for the creation and administration of the State Workmen's Insurance Fund, P. L. 1915, p. 762, is as follows: "In every case where a claim is made against the fund, the fund shall be entitled to every defense against such claim that would have been open to the employer, and shall be subrogated to every right of the employer arising out of such accident against the employee, the dependents, and against third persons." The third person in this case was the Somerset Telephone Company. The right of the employer of Mayhugh to be subrogated to his right against it is expressly given by the Workmen's Compensation Act, and, as the later act in equally express words gave to the fund the right to be subrogated to the right of the employer, the appeal from the order recognizing this statutory right is dismissed.

Order affirmed at appellant's costs.