J-S84002-16

2017 PA Super 31

| THE HARTFORD INSURANCE GROUP ON BEHALF OF CHUNLI CHEN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| KAFUMBA KAMARA, THRIFTY CAR RENTAL, AND RENTAL CAR FINANCE GROUP, | |
| Appellees | No. 976 EDA 2016 |

Appeal from the Order of February 25, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 1534

BEFORE:  OLSON, SOLANO and FITZGERALD,* JJ.

OPINION BY OLSON, J.:                    **FILED FEBRUARY 10, 2017**

Appellant, The Hartford Insurance Group ("Hartford") on behalf of Chunli Chen, appeals from the order entered on February 25, 2016, which sustained the preliminary objections filed by Kafumba Kamara, Thrifty Car Rental, and Rental Car Finance Group (hereinafter, collectively "the Defendants").  We respectfully vacate and remand.

Appellant instituted the current suit on September 15, 2015, by filing a *praecipe* for a writ of summons.  Within Appellant's later-filed complaint, Appellant declared, in the caption of the complaint, that the plaintiff was "The Hartford Insurance Group on behalf of Chunli Chen."  Appellant's Complaint, 12/8/15, at Caption.

As Appellant averred, on October 10, 2013, Chunli Chen (hereinafter "Chen") "was standing in the parking lot of Thrifty Car Rental, waiting to rent

* Former Justice specially assigned to the Superior Court.

a car, when she was struck by a rental car operated by defendant, Kafumba Kamara, and owned by defendant, Thrifty Car Rental, and/or defendant, Rental Car Finance Group." *Id.* at ¶ 12 (some internal capitalization omitted). Appellant averred that the accident caused Chen extensive injuries and Appellant alleged that the Defendants were negligent in causing the accident. *Id.* at ¶¶ 18-23.

Further, within Appellant's complaint, Appellant averred that, at the time of the accident, Chen "was in the employ of Reliance Sourcing, Inc." and that Hartford "has paid $59,424.71 to date in medical and wage benefits to [] Chen pursuant to a Workers' Compensation insurance policy maintained by her employer, Reliance Sourcing, Inc." *Id.* at ¶¶ 8-9.

Appellant's complaint contained two negligence counts and, in each count, Appellant claimed that the particular defendant was "liable to Plaintiff, [ ] Hartford, and to Chunli Chen for injuries caused to her by" the defendant. The complaint was then verified by "Jaime Young[;] Workers' Compensation Subrogation Specialist[;] The Hartford" and the verification declared that "[t]he averments and allegations of fact made in the foregoing civil complaint are true and correct to the best of [Jaime Young's] information and belief." *Id.* at Verification (some internal capitalization omitted).

On January 26, 2015, the Defendants filed preliminary objections to Appellant's complaint. The Defendants' first preliminary objection was in the nature of a demurrer and claimed that the entire complaint must be dismissed because Hartford was "attempting to file suit to assert subrogation

rights directly against the alleged third-party tortfeasors." The Defendants' Preliminary Objections, 1/26/16, at ¶ 5. The Defendants argued:

> While Pennsylvania law does allow for a workers' compensation carrier to be subrogated to the rights of the employee, the Pennsylvania Supreme Court has held, based on long-standing precedent established by Pennsylvania's Superior Court[,] that "the right of action against a third-party tortfeasor under Section 319 of the [Workers' Compensation Act] remains in the injured employee, and that the employer/insurer's right of subrogation under Section 319 must be achieved through a single action brought in the name of the injured employee or joined by the injured employee." **Liberty Mutual Insurance Co. v. Domtar Paper Co.**, 113 A.3d 1230 (Pa. 2015).

The Defendants' Preliminary Objections, 1/26/16, at ¶ 9.

According to the Defendants, since Chen was the injured employee and since Chen neither assigned her cause of action to Hartford nor was a party to the lawsuit, the entire complaint must be dismissed. **Id.** at ¶¶ 13-16.

Second, the Defendants claimed that the complaint must be stricken because Chen did not verify the complaint. The Defendants further claimed that the individual who did verify the complaint – an employee of Hartford named Jaime Young – "was not present at the scene of the alleged accident and has no first-hand knowledge of the alleged accident from which to allege the facts pleaded in [the] complaint." **Id.** at ¶ 20.

Appellant responded to the preliminary objections and claimed that the Supreme Court's holding in **Domtar Paper** was inapplicable to the case at bar because "[i]n the **Domtar** [**Paper**] case, Liberty Mutual filed suit 'as

- 3 -

subrogee of' [the injured employee, while, in the case at bar,] Hartford [] captioned the suit 'on behalf of Chunli Chen' to show [that Hartford is] appropriately pursuing this action in the name of the injured employee." Appellant's Response, 2/15/16, at ¶¶ 11 and 14. Further, Appellant claimed that the verification in the complaint was proper because Jaime Young "has knowledge of the facts contained in the complaint through her work on [Chen's] workers' compensation claim." *Id.* at ¶ 18 (some internal capitalization omitted).

On February 25, 2016, the trial court entered an order that sustained both of the Defendants' preliminary objections and dismissed Appellant's complaint with prejudice. Trial Court Order, 2/25/16, at 1. Within the trial court's later-filed opinion, the trial court reasoned that the case was controlled by our Supreme Court's opinion in *Domtar Paper* and that, in accordance with *Domtar Paper*, dismissal was proper because Hartford was attempting to bring an independent cause of action against third-party tortfeasors. As the trial court explained, "[u]nder Pennsylvania law, actions against a third-party tortfeasor must be brought by the injured employee; the workers' compensation insurance carrier has no independent cause of action against the tortfeasor under Section 319 of the Workers' Compensation Act." Trial Court Opinion, 6/23/15, at 4.

Further, the trial court held that Appellant did not properly verify the complaint, as the complaint was not verified by Chen; rather, the complaint was verified by Jaime Young, a Worker's Compensation Specialist for

Hartford. *Id.* at 6. The trial court held that this verification was improper because Jaime Young "was not present at the scene of the accident and did not have first-hand knowledge of the incident" and the verification "did not state the source of Young's information or the reason why the verification was not made by a party." *Id.* Finally, the trial court stated that it did not grant Appellant leave to amend the verification because Appellant "failed to assert a legally cognizable cause of action against [the] Defendants; thus, granting [Appellant] leave to attach a sufficient verification would have been futile." *Id.*

Appellant filed a timely notice of appeal and now raises two issues to this Court:

> 1. Did the trial court err as a matter of law in dismissing [Appellant's] claim with prejudice when pursuant to *Liberty Mutual Insurance Company v. Domtar Paper Co.*, 113 A.3d 1230 (Pa. 2015), [Hartford] captioned the suit "The Hartford Insurance Group on behalf of Chunli Chen" to show that the action was appropriately brought in the name of the injured employee[?]
>
> 2. Did the trial court err as a matter of law in dismissing [Appellant's] complaint for lack of a verification signed by use party plaintiff, Chunli Chen, when the attached verification was signed by a representative of [] Hartford with knowledge of the claim; or in the alternative, did the trial court err in dismissing the claim rather than allowing [Appellant] to amend by attaching a verification signed by Chunli Chen?

Appellant's Brief at 3 (some internal capitalization omitted).

We have stated:

A preliminary objection in the nature of a demurrer is properly [sustained] where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the [preliminary objections] will result in the denial of claim or a dismissal of suit, [the preliminary objections may be sustained] only where the case [is] free and clear of doubt.

*Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 966 (Pa. Super. 2009) (internal citations, quotations, and corrections omitted).

First, Appellant claims that the trial court erred in sustaining the Defendants' preliminary objection in the nature of a demurrer and in holding that dismissal was required under **Domtar Paper**. As Appellant argues, Hartford is not pursuing a subrogation claim directly against the third-party tortfeasors, as was the case in **Domtar Paper**. Appellant's Brief at 9. Rather, Hartford filed suit "on behalf of Chen" – and is attempting to establish the liability of the third-party tortfeasors to Chen. *Id.* Therefore, Appellant claims, its lawsuit is proper under both the Workers' Compensation

- 6 -

Act and Superior and Supreme Court precedent construing the Act. *Id.* We agree with Appellant.

Section 319 of the Workers' Compensation Act ("WCA"), codified at 77 P.S. § 671, furnishes the statutory basis for subrogation by a workers' compensation carrier. Section 319 states, in relevant part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe . . . against such third party to the extent of the compensation payable under [the WCA] by the employer. . . .

77 P.S. § 671 (internal footnote omitted).[1]

As both this Court and the Pennsylvania Supreme Court have continuously declared, "the right of action against a third-party tortfeasor under Section 319 of the WCA remains in the injured employee, and [] the employer/insurer's right of subrogation under Section 319 must be achieved through a single action brought in the name of the injured employee or

_____

[1] Further, we note that Section 303(b) of the WCA is entitled "[e]xclusiveness of remedy; actions by and against third party; contract indemnifying third party" and provides:

> In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party. . . .

77 P.S. § 481(b).

joined by the injured employee." ***Domtar Paper***, 113 A.3d at 1240; ***see also Scalise v. F.M. Venzie & Co.***, 152 A. 90, 92 (Pa. 1930) ("[t]he right of action [against a third-party tortfeasor] remains in the injured employee; suit is to be brought in his name; the [WCA] employer may appear as an additional party plaintiff . . . or, as use plaintiff . . . , may intervene for the purpose of protection or he may . . . notify the tort-feasor of the fact of employment and of the payments made or to be made. . . . The employer, moreover, is not to be denied his right of suit because the employee does not sue, but may institute the action in the latter's name"); ***Motz v. Sherwood Bros.***, 176 A. 842, 843 (Pa. Super. 1935) ("[t]he [WCA] employer's right of subrogation must be worked out through an action brought in the name of the injured employee, either by joining the employer as a party plaintiff or as a use plaintiff") (internal citations omitted); ***Reliance Ins. Co. v. Richmond Mach. Co.***, 455 A.2d 686, 690 (Pa. Super. 1983) ("[w]e therefore hold that Section 319 is an exclusive remedy, and that for an employer or its insurer to enforce its subrogation rights, it must proceed in an action brought on behalf of the injured employee in order to determine the liability of the third party to the employee. If such liability is determined, then the employer or its insurer may recover, out of an award to the injured employee, the amount it has paid in workers' compensation benefits").

In ***Domtar Paper***, our Supreme Court recently "reaffirm[ed]" the above pronouncements. In ***Domtar Paper***, George Lawrence was an

employee of Schneider National, Inc., who sustained a work-related injury when he slipped and fell in a parking lot leased by the Domtar Paper Co. As a result of this injury, Schneider's workers' compensation carrier, Liberty Mutual, paid Mr. Lawrence thousands of dollars in workers' compensation benefits. ***Domtar Paper***, 113 A.3d at 1232.

Mr. Lawrence did not sue Domtar Paper. Nevertheless, Liberty Mutual instituted suit directly against Domtar Paper in pursuit of its subrogation claim.[2] Moreover, in the caption of the complaint, Liberty Mutual declared that it was suing Domtar Paper "**as Subrogee of** George Lawrence." ***Id.*** (emphasis added).

The trial court sustained Domtar Paper's preliminary objections and dismissed Liberty Mutual's complaint because, in contravention of Pennsylvania law, Liberty Mutual was attempting to "pursue a subrogation claim directly against the third-party tortfeasor when the compensated employee who was injured ha[d] taken no action against the tortfeasor." ***See id.*** at 1234. This Court affirmed the trial court's order. ***Id.*** at 1233.

On appeal to the Pennsylvania Supreme Court, the Supreme Court held that a workers' compensation insurer may not "pursue a subrogation claim directly against a third-party tortfeasor when the compensated

_____

[2] Liberty Mutual also sued various other entities; however, for ease of discussion, we will collectively refer to the defendants in the case as "Domtar Paper."

employee who was injured ha[d] taken no action against the tortfeasor."

*Id.* at 1232. Thus, the Supreme Court held, since Liberty Mutual was suing

the third-party tortfeasors "**as subrogee of**" the injured employee – and

since Liberty Mutual was simply attempting to pursue **its own subrogation**

**claim** directly against the third-party tortfeasors, Liberty Mutual's complaint

was properly dismissed. *Id.* at 1238 and 1240 (emphasis added). As the

***Domtar Paper*** Court reasoned, its holding was required because:

> the right of action against the tortfeasor is indivisible and remains in the employee who suffered the entire loss in the first instance. We emphasize that in Pennsylvania, courts disfavor splitting causes of action, and have frequently remained true to this maxim in the context of workers' compensation subrogation. . . . Preventing the employer/insurer from asserting an independent cause of action against the tortfeasor eliminates the possibility that the third-party tortfeasor could be exposed to multiple suits filed by both the employer and the injured employee, and will preserve the preferred rights of the injured employee who retains a beneficial interest in the cause of action against the tortfeasor.

*Id.* at 1240.

The ***Domtar Paper*** Court then held:

> Accordingly, we reaffirm that the right of action against a third-party tortfeasor under Section 319 of the WCA remains in the injured employee, and that the employer/insurer's right of subrogation under Section 319 must be achieved through a single action brought in the name of the injured employee or joined by the injured employee. Because [Mr.] Lawrence did not commence an action against [Domtar Paper], was not named in the action filed by Liberty Mutual, and did not join the action filed by Liberty Mutual, the Superior Court properly affirmed the grant of [Domtar Paper's] preliminary objections.

*Id.*

In the case at bar, Appellant followed the above precedent and instituted suit against the Defendants as "The Hartford Insurance Group **on behalf of**" the injured employee, Chunli Chen.  Within the complaint, Appellant seeks to establish the liability of the third-party tortfeasors **to Chen** – and Appellant seeks recovery **in the full amount to which Chen is entitled** due to the Defendants' alleged negligence.  ***See*** Appellant's Complaint, 12/8/15, at ¶¶ 1-23.  Therefore, in the case at bar, Hartford is not attempting to "pursue a subrogation claim directly against a third-party tortfeasor," is not seeking to recover only the amount that it paid to Chen in workers' compensation benefits, and is not "splitting" Chen's cause of action. ***See Domtar Paper***, 113 A.3d at 1234 and 1240.  Rather, Appellant brought "a single action [against the third-party tortfeasors] **in the name of** the injured employee" and Appellant is attempting to recover the entire amount to which Chen is entitled.  Thus, the procedure Appellant employed in the case at bar is the procedure our Supreme Court countenanced in ***Domtar Paper***.  ***Id.*** at 1240 (emphasis added).  As such, we respectfully conclude that the trial court erred when it sustained the Defendants' preliminary objection in the nature of a demurrer.[3]

---

[3] In her dissent in ***Domtar Paper***, Justice Todd declared that, where an employer or workers' compensation carrier brings suit in the name of the injured employee in the capacity of a use plaintiff:

*(Footnote Continued Next Page)*

*(Footnote Continued)* ─────────

it is critical that the actual plaintiff – here, the injured employee – be served with a copy of the subrogee's complaint so that the employee may, if he or she desires, retain counsel and actively participate in the action. Such service ensures the injured employee may actively prosecute all claims he or she may possess, and not leave the conduct of the litigation solely in the hands of the subrogee.

Indeed, I deem this requirement to be particularly important in cases such as this, inasmuch as a workers' compensation subrogee is precluded by 77 P.S. § 319 from recovering any damages in excess of what it paid to the injured employee in workers' compensation benefits. Consequently, the subrogee has no incentive to pursue claims for additional damages which the injured employee might ordinarily seek in his or her own capacity. Giving an injured employee notice of a subrogee's suit is essential, as it allows the injured employee to actively participate in and direct the scope and course of discovery, trial preparation, or the conduct of settlement negotiations in the proceeding where the final fate of his or her claims is irrevocably decided. To be sure . . . were Liberty Mutual's instant action to be litigated to final judgment, any subsequent action brought by Lawrence would be barred under the doctrine of *res judicata.* . . .

[In his separate dissent,] Chief Justice Saylor observes that, to avoid harm to the ability of Lawrence to be fully and fairly compensated, the trial court could have required that he be joined as a party. . . . However, in my view, such a wholly discretionary process is insufficiently protective of the important fundamental rights of the injured employee at stake in these situations. It seems to me the better practice, then, is to require the subrogee to provide notice to the injured employee upon commencement of its action as use-plaintiff. Requiring such notice would also be consistent with the principle reaffirmed by the majority that there should be no splitting of an injured employee's cause of action against a third-party tortfeasor, in order to ensure that the injured employee may still prosecute all causes of

*(Footnote Continued Next Page)*

- 12 -

Next, Appellant contends that the trial court erred in dismissing its complaint for an improper verification, when the complaint was verified by Jaime Young, "a representative of [] Hartford with knowledge of the claim." Appellant's Brief at 10. Appellant claims that the verification was proper or, in the alternative, Appellant claims that the trial court "should have allowed [Appellant 20] days to attach a verification signed by Chunli Chen, rather than dismissing [Appellant's c]omplaint." *Id.* at 10-11. The trial court held that the verification was improper because Jaime Young "was not present at the scene of the accident and did not have first-hand knowledge of the incident" and because the verification "did not state the source of Young's information or the reason why the verification was not made by a party." Trial Court Opinion, 6/23/15, at 6. We respectfully conclude that the trial court erred.

Pennsylvania Rule of Civil Procedure 1024 declares, in relevant part:

*(Footnote Continued)* _____

> action in the manner he or she sees fit, even if the subrogee commences suit **first**.

**Domtar Paper**, 113 A.3d at 1243-1244 (Todd, J., dissenting) (emphasis in original).

However, in the case at bar, the Defendants did not raise any issue concerning lack of service to Chen. Therefore, any such issue is not properly before this Court. **See id.** at 1244 n.1 (Todd, J., dissenting) ("any issue regarding [] lack of service was not raised in the lower courts, and, thus, is not preserved for our review in the present appeal"); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

(a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

. . .

(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

Pa.R.C.P. 1024.

In the case at bar, Hartford is a party to this action because the injured employee, Chunli Chen, did not bring suit against the third-party tortfeasors and Hartford thus brought suit "on behalf of" Chen. Further, Hartford has a real interest in this lawsuit because it has a statutory right of subrogation to Chen's recovery against the third-party tortfeasors, "to the extent of the compensation payable under [the WCA] by [Hartford]." 77 P.S. § 671; *see also Thompson v. W.C.A.B. (WSF&G Co.)*, 781 A.2d 1146, 1151 (Pa. 2001) (holding that Section 319 of the WCA "is written in mandatory terms and, by its terms, admits of no express exceptions, equitable or otherwise. Furthermore, it does more than confer a 'right' of

subrogation upon the employer; rather, subrogation is automatic"). Finally, since Chen has not sued the third-party tortfeasors, Hartford is the entity that is controlling this litigation. Therefore, Hartford is a party to this litigation and Jaime Young, as a representative of Hartford, properly verified the complaint. **See** Pa.R.C.P. 1024(c) ("[t]he verification shall be made by one or more of the parties filing the pleading . . .").

Further, although Jaime Young does not have personal knowledge of the accident, Jaime Young did not state as much in the verification. Rather, within the verification, Jaime Young averred that "[t]he averments and allegations of fact made in the [] civil complaint are true and correct **to the best of my information and belief**." Appellant's Complaint, 12/8/15, at Verification (some internal capitalization omitted) (emphasis added); **see also** 2 Goodrich Amram 2d § 1024(a):7 ("[if a] signer knows of [the facts averred in the pleading] because others have informed him or her of them, the verification should be upon 'information and belief'"); Pa.R.C.P. 1024(a) ("[t]he signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial"). Therefore, in the case at bar, the verification was proper and the trial court erred when it sustained the Defendants' preliminary objection in the nature of a motion to strike.

We thus conclude that the trial court erred when it sustained the Defendants' preliminary objections and dismissed Appellant's complaint with prejudice. We respectfully vacate the trial court's order and remand for further proceedings.

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2017