**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| THE HARTFORD INSURANCE GROUP ON BEHALF OF CHUNLI CHEN, | : | No. 24 EAP 2017 |
| | : | |
| | : | Appeal from the Judgment of Superior |
| Appellee | : | Court entered on February 10, 2017 at |
| | : | No. 976 EDA 2016 (reargument |
| | : | denied April 18, 2017) vacating and |
| v. | : | remanding the Order dated February |
| | : | 25, 2016 in the Court of Common |
| | : | Pleas, Philadelphia County, Civil |
| KAFUMBA KAMARA, THRIFTY CAR | : | Division, at No. 1534 September |
| RENTAL AND RENTAL CAR FINANCE | : | Term 2015. |
| GROUP, | : | |
| | : | ARGUED: March 6, 2018 |
| Appellants | : | |

**OPINION**

**JUSTICE BAER**                                        **DECIDED: November 21, 2018**

This appeal presents the issue of whether a workers' compensation insurance carrier may bring a third-party action against an alleged tortfeasor on behalf of an injured employee to recoup the amount paid in workers' compensation benefits where the employee did not independently sue the tortfeasor, did not join in the insurer's action, and did not assign her cause of action to the insurer. Reaffirming the well-settled proposition that the right of action against the tortfeasor remains in the injured employee, we hold that, unless the injured employee assigns her cause of action or voluntarily joins the litigation as a party plaintiff, the insurer may not enforce its statutory right to subrogation by filing an action directly against the tortfeasor. Accordingly, we vacate the judgment of the Superior Court and reinstate the order of the trial court, which sustained the

preliminary objections filed by the tortfeasor and dismissed the insurer's complaint with prejudice.

On October 10, 2013, Chunli Chen was standing in the parking lot of Thrifty Rental Car when she was struck by a rental vehicle operated by Kafumba Kamara. Appellee's Complaint, Dec. 8, 2015, at ¶ 8.[1] As a result, Chen sustained injuries to her head, back, and neck. *Id.* When the accident occurred, Chen was in the course of her employment with Reliance Sourcing, Inc., which maintained workers' compensation coverage through The Hartford Insurance Group ("Appellee" or "Insurer"). *Id.* at ¶ ¶ 7, 8. As a result of the accident, Insurer had paid $59,424.71 in medical and wage benefits to Chen pursuant to her employer's workers' compensation insurance policy. *Id.* at ¶ 9. Chen did not seek to recover damages for her injuries by filing an action against Kamara and/or Thrifty Rental Car (collectively referred to herein as "Appellants" or "Tortfeasors") and did not assign her cause of action against Tortfeasors to Insurer.

On September 15, 2015, when the two-year statute of limitations was about to expire on Chen's cause of action, Insurer sought to effectuate its subrogation right under Section 319 of the Workers' Compensation Act ("WCA"),[2] 77 P.S. §671, by filing a *praecipe* for a writ of summons against Tortfeasors.[3] In its subsequently filed complaint,

---

[1] As explained *infra*, the facts set forth herein are based upon the assertions set forth in the civil complaint filed by Appellee, The Hartford Insurance Group. Because this appeal emanates from an order sustaining preliminary objections in the nature of a demurrer, we accept as true the material facts set forth in the complaint along with any reasonable inferences therefrom. *Lord Corp. v. Pollard*, 695 A.2d 767, 768 (Pa. 1997).

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1-1041.1, 2501-2708.

[3] Section 319 of the Workers' Compensation Act ("WCA") provides, in relevant part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under

Insurer captioned the plaintiff as "The Hartford Group on behalf of Chunli Chen." Appellee's Complaint, at Caption. The complaint contained two negligence counts, which asserted that each of the defendants were liable to Insurer and to Chen for injuries the defendants caused to Chen. The complaint was not verified by Chen, but rather by "Jaime Young[;] Workers Compensation Subrogation Specialist[;] The Hartford." *Id.*, at Verification. The verification stated that the averments and allegations of fact made in the civil complaint "are true and correct to the best of [Young's] information and belief." *Id.*

Tortfeasors filed preliminary objections to Insurer's complaint in the nature of a demurrer, claiming that the complaint should be dismissed on two grounds. First, Tortfeasors alleged that Insurer's attempt to enforce its subrogation rights in an action filed directly against the alleged third-party tortfeasors was prohibited by this Court's decision in *Liberty Mutual Insurance Co. v. Domtar Paper Co. ("Domtar Paper")*, 113 A.3d 1230 (Pa. 2015), which reaffirmed that "the right of action against a third-party tortfeasor under Section 319 of the WCA remains in the injured employee, and that the employer['s]/insurer's right of subrogation under Section 319 must be achieved through

---

this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

77 P.S. § 671.

a single action brought in the name of the injured employee or joined by the injured employee."[4] *Id.* at 1240. Because Chen was not a party to Insurer's action, Tortfeasors alleged that Insurer had no independent ability to commence a subrogation claim directly against them. Second, Tortfeasors posited that the complaint must be stricken for noncompliance with Pa.R.C.P. 1024(c) because the verification was not signed by Chen but, rather, a representative of Insurer who was not present at the accident scene and had no first-hand knowledge of the accident from which to plead the facts alleged in Insurer's complaint.[5]

In response to the preliminary objections, Insurer contended that it complied with *Domtar Paper*'s requirement that the action against the tortfeasor be brought "in the name of the injured employee" because it captioned its complaint as being filed "on behalf of" Chen, rather than as "the subrogee" of Chen, which *Domtar Paper* precluded. Insurer also posited that the verification by Insurer's workers' compensation subrogation specialist, Jaime Young, was proper even though Young was not present at the scene of the accident because she had knowledge of the facts contained in the complaint through her work on Chen's workers' compensation claim. Insurer emphasized that Pa.R.C.P.

---

[4] As discussed in detail *infra*, this Court in *Domtar Paper* rejected an insurer's attempt to enforce its subrogation rights through an action it filed directly against the alleged third-party tortfeasor "as subrogee" of the injured employee.

[5] Pa.R.C.P. 1024(c) states:

> The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

1024(a) permits verification on personal knowledge or information and belief, and that its verification was based on the latter.

On February 25, 2016, the trial court issued an order sustaining both of Tortfeasors' preliminary objections and dismissing Insurer's complaint with prejudice. In its opinion dated June 23, 2016, the trial court relied upon *Whirley Indus., Inc. v. Segel*, 462 A.2d 800 (Pa. Super. 1983), for the proposition that "actions against a third-party tortfeasor must be brought by the injured employee; the workers' compensation insurance carrier has no independent cause of action against the tortfeasor under Section 319 of the Workers' Compensation Act." Trial Court Opinion, Jun. 23, 2016, at 4. The trial court interpreted this Court's decision in *Domtar Paper* as reaffirming that principle. *Id.* at 4-5. Accordingly, the trial court concluded that, absent Chen filing a complaint against Tortfeasors, Insurer lacked a legally cognizable cause of action against them in its own name or on behalf of Chen. *Id.* at 5. The trial court further held that Insurer's verification failed to comply with Pa.R.C.P. 1024 because Young had no first-hand knowledge of Chen's accident and the complaint did not state the source of Young's information. *Id.* at 6. Finally, the trial court noted that because Insurer failed to assert a legally cognizable cause of action against Tortfeasors, granting Insurer leave to attach a sufficient verification would have been futile. *Id.*

The Superior Court subsequently vacated the trial court's order and remanded the matter for further proceedings, finding that the trial court erred in sustaining Tortfeasors' preliminary objections and dismissing Insurer's complaint. *Hartford Ins. Group ex rel. Chen v. Kamara*, 155 A.3d 1108 (Pa. Super. 2017). First, the Superior Court held that Insurer's action was not precluded by this Court's decision in *Domtar Paper* because Insurer was not pursuing a subrogation claim directly against the third-party tortfeasors,

as was the case in *Domtar Paper,* but, rather, Insurers filed an action to establish the liability of Tortfeasors to Chen. *Id.* at 1111.

The intermediate appellate court found it well-settled that the right to sue a third-party tortfeasor remains in the injured employee and the employer's/insurer's right of subrogation under Section 319 of the WCA must be achieved through a single action brought in the name of the injured employee or joined by the injured employee. *Id.* at 1112 (*citing Domtar Paper*, 113 A.3d at 1240; *Scalise v. F.M. Venzie & Co.*, 152 A. 90, 92 (Pa. 1930) (stating that an employer "is not to be denied his right of suit because the employee does not sue, but may institute an action in the latter's name"); *Moltz v. Sherwood Bros.,* 176 A. 842, 843 (Pa. Super. 1935) (providing that "[t]he employer's right of subrogation must be worked out through an action brought in the name of the injured employee, either by joining the employer as a party plaintiff or as a use plaintiff") (citations omitted); and *Reliance Ins. Co. v. Richmond Mach. Co.*, 455 A.2d 686, 690 (Pa. Super. 1983) (holding that Section 319 does not provide the employer/insurer with a cause of action against a third party in its own right; rather, the employer/insurer "must proceed in an action brought on behalf of the injured employee in order to determine the liability of the third party to the employee")).

Notably, the Superior Court found that Insurer complied with this jurisprudence requiring the insurer to bring an action "in the name of" the injured employee by filing its action "on behalf of" Chen. *Hartford Ins. Group ex rel. Chen,* 155 A.3d at 1113. The court emphasized that Insurer was not attempting to "split" Chen's cause of action as it sought the full amount of recovery due to Chen and not merely the amount representing its subrogation interest. Thus, the Superior Court concluded that Insurer's complaint comported with the procedure sanctioned by *Domtar Paper* to enforce an insurer's Section 319 subrogation right. *Id.*

The Superior Court further held that the verification of the complaint by Young, Insurer's workers' compensation subrogation specialist, was proper because Insurer is a party to the action, as it filed the suit on Chen's behalf after Chen declined to sue, and, concomitantly, Insurer has a real interest in the lawsuit due to its statutory subrogation right to Chen's recovery against Tortfeasors. *Id.* at 1115. Highlighting Young's averment that the assertions in the complaint were "true and correct to the best of [her] information and belief," Appellee's Complaint, at Verification, the intermediate appellate court found the verification proper even absent Young having first-hand knowledge of the accident. *Id.*

We granted allowance of appeal to examine whether our decision in *Domtar Paper* permits a workers' compensation insurance carrier to enforce its subrogation rights under Section 319 of the WCA by filing an action against the alleged third-party tortfeasors "on behalf of" the injured employee when that employee has not assigned her cause of action or voluntarily joined the litigation as a party plaintiff. In the event such action is deemed valid, we granted review to determine the propriety of the workers' compensation insurance carrier's verification of its complaint by a company representative, rather than by the injured employee. These issues present questions of law, thus, our standard of review is *de novo* and our scope of review is plenary. *Sernovitz v. Dershaw*, 127 A.3d 783, 788 (Pa. 2015).[6]

The arguments set forth in the parties' appellate briefs filed in this Court mirror the positions they asserted below. To reiterate, Tortfeasors, as appellants, contend that the Superior Court's decision sanctioning Insurer's direct action against them conflicts with

---

[6] Similarly, we exercise *de novo* review of a lower tribunal's order sustaining preliminary objections in the nature of a demurrer. *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 56 (2014). A demurrer should only be sustained if, on the facts averred, the law says with certainty that no recovery is possible. *Shafer Electric & Constr. v. Mantia*, 96 A.3d 989, 984 (Pa. 2014).

*Domtar Paper*'s reaffirmation that the right of action against a third-party tortfeasor under Section 319 of the WCA remains in the injured employee. They argue that while Section 319 grants an employer/insurer the right to subrogate against any settlement received by the injured employee from the alleged third-party tortfeasor, it does not grant the insurer the independent right to sue the third-party tortfeasor directly unless the employee is a party to the action. *See* Brief for Appellants at 16 (citing *Whirley Industries, Inc.*, 462 A.2d at 802 (recognizing that an action against the third-party tortfeasor must be brought by the injured employee and the employer's carrier is subrogated to the employee's claim; the workers' compensation insurance carrier has no independent cause of action for indemnification by and contribution from the negligent party who caused the insurance carrier to pay out benefits)).

Tortfeasors submit that the instant matter is governed by *Domtar Paper,* as both cases involved a subrogation action by the insurer against the alleged third-party tortfeasor without the involvement of the injured employee. They emphasize that as in *Domtar Paper*, the injured employee here did not assign her cause of action to Insurer, did not join in Insurer's action, and did not sue Tortfeasors independently. Thus, Tortfeasors contend, merely captioning the complaint as "on behalf of" the injured employee, rather than "as subrogee of" the injured employee, has no legal significance because such action offers no protection to the injured worker's independent claims. According to Tortfeasors, the intent of the Court in *Domtar Paper* was to require workers' compensation carriers to join the injured employee in the single action against the alleged third-party tortfeasor to preserve the employee's independent claims for pain and suffering as well as to provide for enforcement of the insurer's subrogation rights.

Regarding the second issue challenging the propriety of Insurer's verification of its complaint, Tortfeasors reiterate that the verification by Insurer's workers' compensation

specialist fails to comport with Pa.R.C.P. 1024(c) because it does not set forth the source of Young's information as to the matters alleged in the complaint. *See* Pa.R.C.P. 1024(c) (providing that "the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by the party"). They argue that absent first-hand knowledge of the accident, Young could not verify any assertions relating to Chen's claims against them. In Tortfeasor's view, the verification of Insurer's complaint by Young illustrates that this action is nothing more than an improper subrogation action filed directly against them by Insurer. Finally, they reject any suggestion that the trial court should have offered Insurer an opportunity to cure the defective verification as Insurer would have been unable to do so considering Chen's non-party status.

The Pennsylvania Association for Justice ("PAJ") has filed an *amicus* brief in support of Tortfeasors, contending that Tortfeasors' litigation posture in this case is aligned with protecting the interests of injured workers. Therein, the PAJ reiterates the arguments set forth by Tortfeasors and opines that the trial court properly dismissed Insurer's complaint because a workers' compensation insurance carrier should never be permitted to sue the alleged third-party tortfeasor directly without the joinder of the injured employee. To do so, the PAJ asserts, would be detrimental to the employee's interests because the insurer is faced with an insurmountable conflict of interest as it has no incentive to expend time and resources to prosecute vigorously the injured employee's independent claims for pain and suffering because it will receive no benefit from such effort.

Further, the PAJ posits, an injured employee's independent claims will be precluded if the insurer files its subrogation claim quickly without the employee's

involvement and settles the action before the employee determines whether to pursue an independent third-party suit. The PAJ asserts that whether the claim is brought by Insurer "as subrogee" of the injured employee or "on behalf of" the injured employee, the result is the same, *i.e.*, the employee whose claim is being asserted is not the entity bringing the action and is not the party who will benefit from such action.[7] Accordingly, the PAJ urges this Court to reverse the Superior Court's judgment and reinstate the trial court's dismissal of Insurer's action.

In response, Insurer contends that the Superior Court was correct in concluding that it complied with *Domtar Paper* and the cases relied upon therein when it filed a single action "on behalf of" Chen and sought damages, not only to satisfy its subrogation interest by recovering the amount paid in workers' compensation benefits, but to obtain the entire amount to which Chen was entitled. It was on this basis, Insurer asserts, that the Superior Court concluded that the instant case was filed "in the name of" the injured employee and was a not an impermissible subrogation action filed by an insurer directly against the alleged third-party tortfeasor. Brief of Appellee at 7 (citing *Scalise*, 152 A. at 92 (providing that "[t]he employer, moreover, is not to be denied his right of suit because the employee does not sue, but may institute the action in the latter's name")). Insurer contends that this case is unlike *Domtar Paper* where this Court rejected the insurer's attempt to sue the alleged third-party tortfeasor "as subrogee of" the injured employee and sought recovery only of the insurer's subrogation interest.

Contrary to the assertions of Tortfeasors and their *amicus*, Insurer does not interpret *Domtar Paper* as holding that an insurer may only enforce its statutory right to

---

[7] Alternatively, the PAJ suggests that if this Court permits insurers to sue alleged third-party tortfeasors "for the use of" injured employees, we should require that formal notice of the action be given to the injured employee so as to allow for protection of the injured employee's independent claims for pain and suffering, which did not occur here.

subrogation under Section 319 of the WCA where the injured employee independently filed suit against the alleged tortfeasor and obtained a recovery, assigned the cause of action to the insurer, or joined in the latter's action. Insurer posits that there is no requirement, statutory or otherwise, requiring a workers' compensation insurance carrier to demonstrate that the injured employee is aware of and involved in the insurer's action against the alleged tortfeasor.[8] Insurer reasons that because its complaint addresses Chen's independent claims, such claims are preserved if Chen desires to intervene in the action. Thus, Insurer concludes, no injustice results from this manner of enforcement of Section 319 subrogation rights, as suggested by the PAJ. Insurer concedes that it needs Chen's cooperation in discovery and testimony at trial to recover, but contends that the issue here concerns an insurer's right to bring the action against the alleged tortfeasor and not whether the case can successfully be proven.

As to the second issue for which we granted allowance of appeal, Insurer argues that the Superior Court was correct in holding that Insurer's complaint was properly verified by Young, Insurer's workers' compensation subrogation specialist. Because Chen chose not to sue Tortfeasors, Insurer submits that it was the party controlling the litigation, and, thus, could verify the complaint. Insurer contends that there is no requirement of first-hand knowledge under Pa.R.C.P. 1024(a) when the verification is based on the "information and belief" as to the source of the facts verified.

---

[8] Insurer asserts that although it contacted Chen and discussed the filing of the lawsuit, "[c]ounsel for [a workers' compensation insurance carrier] cannot also represent the employee in a civil suit against tortfeasors, so employee is not listed as a separate party." Brief for Appellee at 7. In its reply brief, the PAJ maintains that Insurer's concession in this regard illustrates why an employer's workers' compensation carrier "cannot ethically bring suit in [the injured employee's] name, with averments that purport to make claims for damages that may exceed any amount to which [the insurer] has a claim as subrogee, and belong to the employee." Reply Brief for PAJ, at 2.

In analyzing the parties' arguments, we begin with the most basic notion that the purpose of the WCA is "to provide the employee an exclusive right to benefits without the necessity of proving fault in exchange for abrogation of the employee's common law negligence remedies." *Winfree v. Philadelphia Electric Co.*, 554 A.2d 485, 487 (Pa. 1989). Under this statutory scheme, the injured employee receives prompt payment of certain, statutorily-defined benefits regardless of the employer's fault, while the employer is given the exclusivity of the remedy of workers' compensation benefits and, notably, the right of subrogation of any recovery from third-party tortfeasors who were responsible for the injured employee's compensable injuries. *Thompson v. Workers' Compensation Appeal Board (USF&G Co.),* 781 A.2d 1146, 1153 (Pa. 2001).

The doctrine of subrogation has its origin in common law where it served as an equitable device that prevented the injured party from receiving double recovery and ensured that the party at fault, and not the innocent party, was held responsible for the claimed injury. *Dale Mfg. Co. v. Workers' Compensation Appeal Board (Bressi)*, 421 A.2d 653, 654 (Pa. 1980). An employer's/insurer's right to subrogation in a workers' compensation case, however, is not derived from common law, but is afforded expressly by statute in Section 319 of the WCA.[9] As referenced *supra* at n.3, Section 319 provides that "[w]here the compensable injury is caused in whole or in part by the act or omission

---

[9] The rationale for an employer's right of subrogation under Section 319 is aligned with the purpose of the common law doctrine. *See Gillette v. Wurst,* 937 A.2d 430, 436 (Pa. 2007) (holding that Section 319's right of subrogation has the following three purposes: (1) to prevent double recovery for the same injury by the claimant; (2) to ensure that the employer is not compelled to make compensation payments made necessary by the negligence of a third party; and (3) to prevent a third party from escaping liability for his negligence).

of a third party, the employer shall be subrogated to the right of the employe. . . to the extent of the compensation payable under this article by employer."  77 P.S. § 671.[10]

We are not examining this language for the first time as Section 319 has been historically interpreted as providing that the right of action against the tortfeasor lies exclusively in the injured employee.  *See Scalise*, 152 A. at 92 (construing Section 319 as providing that "[t]he right of action remains in the injured employee"); *Moltz*, 176 A. at 843 (citation omitted) (acknowledging that the right of action against the tortfeasor abides in the injured worker); *Whirley Indus. Inc.,* 462 A.2d at 802 (holding that "[t]he action against the third party tortfeasor must be brought by the injured employee"); *Reliance Ins. Co.*, 455 A.2d at 690 (holding that "[o]ur appellate courts have not hitherto construed section 319 as providing the employer or its insurer with a cause of action against a third party in its own right"); and *Domtar Paper*, 113 A.3d at 1240 (reaffirming that "the right of action against a third-party tortfeasor under Section 319 of the WCA remains in the injured employee").  This interpretation of Section 319 is based upon the realization that granting an employer an independent cause of action against the tortfeasor would impermissibly split the employee's cause of action, thereby subjecting the tortfeasor to multiple suits for the same harm.  *See Moltz*, 176 A. at 843 (explaining that because the tortfeasor's act is single and indivisible, it can give rise to but one liability, thus, the right of the insurer against the tortfeasor is derived from the injured employee alone, and can be enforced only in his right).

---

[10]  In considering the General Assembly's intentions in enacting Section 319, we apply the conventional principles of statutory construction, which require "close adherence to terms of a statute that are plain and clear and resort to other approaches of discernment only in the presence of ambiguity or inexplicitness."  *Williams v. City of Philadelphia*, 188 A.3d 421, 428 (Pa. 2018).  Where ambiguity arises, we may consider, *inter alia*, the occasion and necessity for the statute, the object to be attained by the statute under examination, and the consequences of a particular interpretation.  *See* 1 Pa.C.S. § 1921(c).

The mere recognition that the cause of action against the tortfeasor remains in the injured worker does not resolve this appeal as both the Superior Court below and Insurer, as Appellee, agree with such proposition, but rely on case law suggesting that where the injured employee refuses or otherwise fails to commence an action against the third-party tortfeasor, the employer or insurer may enforce its Section 319 subrogation right by filing an action "in the name of" the injured employee. Thus, reduced to its essence, this appeal requires us to determine whether the instant action commenced by Insurer "on behalf of Chunli Chen," absent Chen's voluntary joinder or assignment, constitutes an action brought "in the name of the injured employee" so as to effectuate Insurer's Section 319 subrogation right.

We answer this inquiry in the negative as Insurer has offered no authority, statutory or otherwise, permitting it to pursue Chen's cause of action against Tortfeasor without Chen's voluntary participation as a party plaintiff or the contractual assignment of her claim. The precedent relied upon by Insurer, *i.e.*, this Court's previous decisions in *Scalise* and *Domtar Paper*, does not support the proposition that an employer or workers' compensation carrier can seize the injured employee's cause of action against the tortfeasor by merely captioning the complaint "on behalf of" the employee and/or by including in the complaint independent claims of the employee in addition to the claim for subrogation of workers' compensation benefits. Rather, as detailed *infra*, those cases confirm that the cause of action belongs to the injured employee and that Section 319 grants the employer/insurer an automatic right of subrogation of any recovery that the injured employee obtains from the third-party tortfeasor who was responsible for the compensable injuries. Because there was no recovery by Chen from which Insurer could subrogate and Chen did not join Insurer's cause of action or assign her cause of action

to Insurer, the trial court was correct in sustaining the preliminary objections filed by Tortfeasors and dismissing Insurer's complaint with prejudice.

We agree with Tortfeasors that this conclusion flows from our recent decision in *Domtar Paper*, upon which both the parties and the lower courts rely for their respective positions. There, George Lawrence, while employed by Schneider National Inc., suffered a work-related injury when he slipped and fell in a parking lot leased by Domtar Paper Company ("Domtar Paper"). Accordingly, the employer's insurance carrier, Liberty Mutual Insurance Company ("Liberty Mutual"), paid Lawrence $33,929 in workers' compensation benefits. Lawrence did not sue or settle with Domtar Paper and did not assign his cause of action to Liberty Mutual. Nevertheless, Liberty Mutual filed a complaint against Domtar Paper "as Subrogee of George Lawrence," in which Lawrence did not join. Therein, Liberty Mutual contended that Lawrence's work-related injuries were caused by Domtar Paper's negligent maintenance of the parking lot and that Liberty Mutual was entitled to recover its subrogation interest under Section 319 of the WCA, regardless of Lawrence's refusal to participate in the action.

Similar to the instant case, Domtar Paper filed preliminary objections, alleging that in the absence of an injured employee suing in his own right, a workers' compensation carrier has no independent ability to bring a subrogation claim directly against the third party tortfeasor. The trial court agreed and granted Domtar Paper's preliminary objections. The Superior Court affirmed, rejecting Liberty Mutual's contention that Section 319 conferred upon it a right to pursue separately its subrogation claims against the tortfeasor when Lawrence, as claimant, took no action of his own.

This Court granted allowance of appeal to determine "whether Section 319 of the WCA confers on employers or their workers' compensation insurers a right to pursue a subrogation claim directly against a third-party tortfeasor when the compensated

employee who was injured has taken no action against the tortfeasor." *Domtar Paper*, 113 A.2d at 1234. In holding that Section 319 did not confer such a right in *Domtar Paper*, we rejected nearly all of the arguments set forth by Insurer in the instant appeal.

First, we rejected Liberty Mutual's contention that prior decisions of this Court authorized an employer/insurer to commence suit directly against a third-party tortfeasor to enforce its Section 319 subrogation right to recover paid workers' compensation benefits. Specifically, we held that the language employed by this Court in our 1930 decision in *Scalise*, *i.e.*, that an employer "is not to be denied his right of suit because the employee does not sue, but may institute an action in the latter's name," *Id.*, at 92, was *dicta* because the employee there had sued the third-party tortfeasor, thus, any reference to an insurer's ability to file suit in the absence of the employee's participation was inconsequential to the central holding of the case, which was that under Section 319, the cause of action lies in the employee. *Domtar Paper*, 13 A.3d at 1237-38.[11]

Second, we held in *Domtar Paper* that several cases of the Superior Court had addressed the precise inquiry and concluded that Section 319 did not afford employers/insurers an independent right to sue third-party tortfeasors. *Id.* at 1238-40 (citing *Moltz*, 176 A. at 843 (holding that an insurance carrier could not file an action directly against the tortfeasor to enforce its subrogation rights; only one action could be

---

[11] In *Domtar Paper*, we further distinguished as non-binding *dicta* language employed in *Frazier v. Workers' Compensation Appeal Board (Bayuda Nurses),* 52 A.3d 241 (Pa. 2012), a decision not relied upon or cited by Insurer herein. In *Frazier*, this Court had referenced the aforementioned language from *Scalise* and further stated that the employer's right to subrogation under Section 319 permits it to "step into the shoes of the claimant to recover directly against a third-party." *Frazier*, 52 A.3d at 248. We clarified in *Domtar Paper* that such language in *Frazier* conferred no right of direct action upon the employer/insurer because the employee in *Frazier* had obtained a judgment against the tortfeasor and the issue in the case had nothing to do with the employer's/insurer's ability to file suit directly against the tortfeasor. *Domtar Paper*, 13 A.3d at 1237.

brought and the employer's right of subrogation "must be worked out through an action brought in the name of the injured employee, either by joining the employer as a party plaintiff or as a use plaintiff") (internal citations omitted);[12] *Reliance Ins. Co.*, 455 A.2d at 688, 690 (holding that "the statutory remedy in Section 319 of the WCA provided the exclusive means for an employer or its insurer to recover amounts it paid in workers' compensation benefits to an injured employee and that there was no common law right of action for indemnity/contribution against the third-party tortfeasor as the employee holds the right of action); and *Whirley Indus., Inc.*, 462 A.2d at 802 (invalidating an employer's direct cause of action against a tortfeasor to recover the amount of increase in insurance premiums that it contended was attributable to the tortfeasor's negligence on the grounds that the action against the third-party tortfeasor must be brought by the injured employee)).

We found no persuasive reason in *Domtar Paper* to stray from the aforementioned Superior Court jurisprudence, which was consistent with the Court's ruling in *Scalise* that the right of action against the tortfeasor is indivisible and remains in the employee who suffered the loss. *Id.* at 1240. Recognizing that Pennsylvania courts disfavor splitting causes of action, we opined that preventing insurers from asserting independent actions against tortfeasors accomplished two laudable goals: (1) eliminating the prospect that the tortfeasor could be exposed to multiple suits; and, (2) preserving the rights of the injured worker who retains the beneficial interest in the cause of action against the tortfeasor. *Id.* Both of these considerations come into play in the instant case.

---

[12] *Moltz* did not suggest that a workers' compensation insurance carrier could sue the tortfeasor "for the use of" the injured employee. Rather, it held that an employer's Section 319 subrogation right could be enforced by joining the *employer* as a use plaintiff in the employee's action against the tortfeasor. This is a distinction with a difference as allowing an employer to be joined in the employee's action as a use plaintiff does not abrogate the well-settled proposition that the right of action lies in the employee.

Accordingly, the *Domtar Paper* Court "reaffirm[ed] that the right of action against a third-party tortfeasor under Section 319 of the WCA remains in the injured employee, and that the employer['s]/insurer's right of subrogation under Section 319 must be achieved through a single action brought in the name of the injured employee or joined by the injured employee." *Domtar Paper,* 13 A.3d at 1240. Significant to the instant appeal, we reasoned that because Lawrence did not commence an action against Domtar Paper and was not named or joined in Liberty Mutual's action, the Superior Court properly affirmed the grant of Domtar Paper's preliminary objections. *Id.*[13] [14]

Overlooking the basis of the *Domtar Paper* decision, which was to reaffirm that under Section 319 the injured worker retains the cause of action against the tortfeasor,

---

[13] We declined expressly in *Domtar Paper* to elaborate on the propriety of the practice by which an insurer could commence an action "for the use of" the injured employee, finding such issue beyond the grant of allocatur. *Id.* at n.7. Further discussion of the antiquated "for use" practice in workers' compensation cases governed by Section 319 is unnecessary as our decision herein makes clear that for an employer/insurer to enforce its Section 319 subrogation right, any action filed by the employer/insurer directly against the third-party tortfeasor must proceed with the injured employee's assignment or voluntary participation as a party plaintiff.

[14] Then Justice, now Chief Justice Saylor filed a dissenting opinion, wherein he asserted that by captioning the complaint as "Liberty Mutual as the subrogee of George Lawrence," Liberty Mutual effectively rendered the injured employee a use plaintiff, and thereby satisfied the requisite that the action be filed "in the name of" the injured employee. Thus, he concluded that there was little danger that the cause of action would be divided because any subsequent action by Lawrence would have been barred by *res judicata*. Justice Saylor opined that even if the Court would accept only phraseology such as "for the use of" or "in the name of," as opposed to "as subrogee of," form should not affect the substantive rights of the parties, and the trial court should have allowed Liberty Mutual to amend its complaint to use such phraseology.

Justice Todd also filed a dissenting opinion in which she agreed with Justice Saylor that the manner in which Liberty Mutual captioned its complaint was not fatal to its claim. Because Section 319 precludes a subrogee from recovering damages in excess of what it paid the injured employee in benefits, Justice Todd found it critical that the subrogee serve the injured employee a copy of its complaint to allow the injured employee to retain counsel and participate in the litigation to preserve independent claims for damages.

Insurer proffers a more literal interpretation of our holding, suggesting that by commencing the action "on behalf of" Chen, Insurer filed the action "in the name of" Chen, thereby utilizing an accepted method to enforce its Section 319 subrogation rights. We decline Insurer's invitation to facilitate an employer's/insurer's ability to recoup workers' compensation benefits at the expense of placing the injured worker's independent cause of action in peril. The WCA is remedial in nature and should be interpreted for the benefit of the worker and liberally construed to effectuate its humanitarian interests. *Peterson v. Workers' Compensation Appeal Board, (PRN Nursing Agency)*, 597 A.2d 1116, 1120 (Pa. 1991).

Recognizing this notion, the PAJ, as *amicus* advocating for the rights of injured workers, cogently observes that an employer's workers' compensation insurance carrier has every incentive to limit its focus of the litigation against a third-party tortfeasor to the amount it is due in subrogation, and has no incentive or obligation to pursue vigorously the injured employee's independent claims, such as those seeking compensation for pain and suffering. To elucidate, upon receiving an offer from the tortfeasor that satisfies the subrogation lien, but does not compensate the injured employee sufficiently for pain and suffering or the like, the Insurer would have no obligation, nor, indeed, incentive, to decline the offer and proceed to trial so that the injured worker has the opportunity to be made whole. In fact, Insurer concedes in its brief to this Court that it is not representing the interests of Chen, the injured worker, in this litigation. *See* Brief for Appellee at 7 (asserting that although it contacted Chen and discussed the filing of the lawsuit, "[c]ounsel for [a workers' compensation insurance carrier] cannot also represent the employee in a civil suit against tortfeasors, so employee is not listed as a separate party").

Additionally, the current statutory scheme does not require that the workers' compensation insurance carrier provide notice to the injured worker of any lawsuits

commenced by insurers on the worker's behalf. Consequently, an insurer could swiftly file a lawsuit on behalf of the injured employee without her knowledge and obtain a settlement from the third-party tortfeasor before the employee has decided whether to pursue an action to recover sums for noneconomic damages, thereby extinguishing the injured worker's independent claims. While it would further the purpose of Section 319 to allow for a principled method by which a workers' compensation insurance carrier could sue the third-party tortfeasor without detrimentally affecting the injured employee's independent cause of action, it is not for this Court to create a remedy to cure a possible deficiency in the WCA. See *Burke ex rel. Burke v. Indep. Blue Cross*, 103 A.3d 1267, 1274 (Pa. 2014) (providing that "we are mindful of the precept that courts cannot insert words into a statute. Thus, we may not, under the guise of statutory construction, simply rewrite [the statute].").

Under these circumstances, we find it apparent that sanctioning a workers' compensation carrier to pursue litigation of the injured employee merely by captioning the complaint as "on behalf of" the employee and including a bald assertion seeking any recovery due the employee, contravenes the very jurisprudence establishing that it is the injured worker who retains the cause of action against the tortfeasor. It is for these reasons that we reiterate our holding in *Domtar Paper* and clarify that absent the injured employee's assignment or voluntary participation as a party plaintiff, the insurer may not enforce its Section 319 right to subrogation by filing an action directly against the tortfeasor.[15]

---

[15] Because we conclude that Insurer failed to assert a legally cognizant cause of action against Tortfeasors, we need not address the second issue in this appeal regarding the propriety of the verification of Insurer's complaint.

Accordingly, we vacate the judgment of the Superior Court and reinstate the order of the trial court, which sustained the preliminary objections filed by Tortfeasors and dismissed Insurer's complaint with prejudice.

Justice Donohue, Dougherty, Wecht and Mundy join the opinion.

Chief Justice Saylor files a dissenting opinion in which Justice Todd joins.

Justice Todd files a dissenting opinion.